COMMONWEALTH of Kentucky, Department of Highways, ex rel. W. P. CURLIN, Commissioner of Highways, and Graves County, Appellants,

v.

J. P. TAYLOR et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1955.

J. D. Buckman, Jr., Atty. Gen., C. J. Waddill, Asst. Atty. Gen., T. W. Johnson, Sp. Asst. Atty. Gen., Malcolm R. Boaz, County Atty. Graves County, Mayfield, for appellants.

R. A. Roberts, William Parham, Mayfield, for appellees.

CAMMACK, Judge.

This proceeding was instituted by the Commonwealth in the Graves County Court in May, 1954, to condemn the appellees' property in accordance with its proposal to construct a highway between Mayfield and Fulton, pursuant to KRS Chapter 177. The judgment of the county court entered June 21, 1954, awarded the appellees $12,500. On the same day the appellants filed with the Graves Circuit Court Clerk a statement of appeal, exceptions to the award and a certified copy of the judgment entered in the county court. The appellees were not summoned to appear and defend the appeal until September 24, 1954, some 95 days after the appeal was filed. A motion to dismiss the appeal, filed by the appellees on October 22, 1954, was sustained by the circuit court on the ground it was without jurisdiction to hear the appeal, because it had not been perfected within 30 days. KRS 177.087. The basis for this ruling was the fact that the summonses were not issued within the 30 day period.

In support of their motion that the appeal be dismissed the appellees filed the affidavit of M. K. Apperson, Deputy Clerk of the Graves Circuit Court, wherein he stated that on the day the appeal was filed he asked T. W. Johnson, Special Assistant Attorney General, about the summonses; that Mr. Johnson stated, "You will be notified about all of them later"; that on September 18, 1954, he received a letter from the Department of Highways which stated that the summonses should have been issued; and that they were then issued.

The only question which concerns us on this appeal is whether the issuance of a summons is necessary to perfect an appeal from the county court to the circuit court in a condemnation proceeding such as the one involved herein. The statute authorizing the appeal, KRS 177.087, provides:

"* * * an appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the

judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner. * * *"

Although the statute is silent on the question of issuance of a summons, the Civil Rules of Procedure require summonses to be issued in all appeals. In CR 72.01, it is provided:

"* * * and the appellee shall be summoned, actually or constructively, as provided in Rule 4, to appear and defend the appeal. * * *"

We are of the opinion that an appeal to the circuit court in a highway condemnation proceeding is perfected, "by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner." KRS 177.087. The circuit court has jurisdiction of the case when these steps are taken. However, there could be no trial of the cause in the circuit court until the appellee has been summoned pursuant to CR 72.01. The appellee is given a remedy in CR 72.04, if the appellant moves to dismiss or fails to prosecute his appeal. That rule provides that "* * * it shall be at the option of the appellee either to proceed to trial on the appeal, or to have judgment rendered for the amount of the original judgment and costs, if it was in his favor, or in bar of the original judgment, if it was against him."

In this case the steps necessary to perfect the appeal were taken by the Commonwealth. Consequently, the circuit court had jurisdiction of the case, although the summonses were not issued within the 30 day period. The appellees' motion to dismiss the appeal was not made timely, in view of the fact that it was made after the summonses had been issued.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.