**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**John E. HALE et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1961.

Rehearing Denied Sept. 22, 1961.

Jo M. Ferguson, Atty. Gen., F. D. Curry, Chief Asst. Atty. Gen., James J. Shannon, Jr., Department of Highways, Frankfort, for appellant.

Charles G. Cole, Jr., Barbourville, for appellees.

MOREMEN, Judge.

This is an action by the Commonwealth to condemn land for highway purposes pursuant to the provisions of Chapter 177 of the Kentucky Revised Statutes. The Commonwealth was dissatisfied by the judgment entered in the county court because it believed the compensation award to be excessive and it appealed to the circuit court.

Section 177.087 outlines the procedure on appeal, and reads in part:

"Within thirty days from the date of a judgment authorizing the petitioner to take possession of the land or ma-

terial, an appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner. No transcript shall be required to be filed by the appellant of other parts of the record, but when an appeal is filed, the clerk of the circuit court shall certify that fact to the clerk of the county court and the latter immediately shall transfer the original papers to the clerk of the circuit court. The statement of grounds of appeal of either party may be amended as provided in the Rules of Civil Procedure for the amendment of a pleading."

The Commonwealth apparently satisfied the technical requirements of that section but failed to pay a tax of three dollars levied on each appeal to the circuit court under the terms of KRS 142.011 and failed to execute a bond under CR 72.01 which requires that a party who appeals from the county court shall cause to be executed before the circuit court a bond, with sufficient sureties, to the effect that the appellant will satisfy and perform the judgment rendered on appeal.

After more than thirty days had passed following the entrance of the judgment in the county court, the landowner moved to dismiss the appeal on the ground that the Commonwealth had failed to pay the tax and to execute the performance bond. The circuit court found that because of the Commonwealth's failure to do these two things it had not perfected its appeal within the time allowed by law and the appeal was dismissed.

■ .In Commonwealth v. Allen, 235 Ky. 728, 32 S.W.2d 42, the court held that under the statute authorizing the circuit court clerk to collect five dollars on each action commenced, the clerk could not require such payment in suits by the Commonwealth against taxpayers to recover pos-

session of land sold for taxes, the rationale of the opinion being that under common law the sovereign power never became indebted by implication. Since the statute did not specifically require the Commonwealth to pay the five dollar fee in question it was protected from the statute's requirement by sovereign immunity. In the case at bar the Commonwealth was not specifically named in KRS 142.011 as being required to pay the tax of three dollars on appeal and it was again immune.

■ The general rule governing such matters is clearly expressed in 82 C.J.S. Statutes § 391, where it is written:

"Statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed, and should not be permitted to divest the state or its government of any of its prerogatives, rights, or remedies, unless the intention of the legislature to effect this object is clearly expressed."

The second question necessitates an answer concerning whether the Commonwealth is required to execute a bond under CR 72.01. The decision in the Allen case was based on the rule that the Commonwealth may never be made a debtor by implication. Although it is entirely possible that an appeal bond may become a debt after the happening of certain contingencies still it is not a debt in the sense that the Commonwealth is immediately and absolutely required to pay a sum of money as is the case when a three dollar tax is charged.

The execution of an appeal bond seems to fall under the classification of procedure and we said in Commonwealth v. Helm, 163 Ky. 69, 173 S.W. 389, 392, that

"It may also be confidently affirmed that, when the commonwealth comes into court to prosecute a suit it occupies, in the absence of some controlling statute on the subject, the attitude of

any other litigant, and is subject to the same rules of practice and procedure."

So unless Section 177.087 may be regarded as a special statute which gives complete rules of procedure in cases of this nature, the Commonwealth should be required to execute bond. In Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813, 814, we were faced with a similar question. There, after judgment in the county court, the Commonwealth filed in the circuit court a statement of appeal, exceptions to the award and a certified copy of the judgment entered in the county court, but appellees were not summoned to appear and defend the appeal until some ninety-five days after the above pleadings were filed. It was held:

"We are of the opinion that an appeal to the circuit court in a highway condemnation proceeding is perfected, 'by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioners.' KRS 177.087. The circuit court has jurisdiction of the case when these steps are taken."

It was then held that although no trial of the cause could be had in the circuit court until appellees had been summoned pursuant to CR 72.01, still the circuit court had obtained jurisdiction of the case and it should not be dismissed for failure to serve summons.

In the case at bar the court had obtained jurisdiction and the appeal had been perfected within the thirty days allowed. If appellees had desired a bond to be executed by the Commonwealth, that matter could have been reached by a proper motion, but the failure to execute the bond is not grounds for dismissal in the absence of an order by the court requiring the Commonwealth so to do. The court therefore erred in dismissing the appeal for failure to pay a tax under KRS 142.011, and to execute bond under CR 72.01, because

neither was a prerequisite step in perfecting the appeal under the special statute, KRS 177.087.

When the legislature intends that the state should not be required to execute bond on appeal it may say so as it did in KRS 44.140.

The judgment is therefore reversed.