COMMONWEALTH of Kentucky,
DEPARTMENT OF HIGH-
WAYS, Appellant,

v.

Leonard and Sally BARGO and Union
National Bank of Barbourville,
Appellees.

Court of Appeals of Kentucky.

Oct. 6, 1961.

Jo M. Ferguson, Atty. Gen., F. D. Curry, Asst. Atty. Gen., James J. Shannon, Jr., Frankfort, for appellant.

Earle L. Cole, Barbourville, for appellees.

STEWART, Judge.

Appellant, Commonwealth of Kentucky, Department of Highways, on October 24, 1958, instituted this proceeding in Knox County Court to condemn land owned by Leonard Bargo and his wife, Sally, appellees herein. The land is to be used for proposed highway construction. Union National Bank of Barbourville, also an appellee herein, was joined as a party, because it had a lien on the property. The action was prosecuted under KRS Chapter 177. On November 24, 1958, the judgment of the county court was entered, awarding $3,500 to the land owners.

On December 18, 1958, appellant attempted to appeal the judgment to the Knox Circuit Court by filing therein a certified copy of the county court judgment, a statement of appeal, and its exceptions to the commissioner's award. See KRS 177.087.

On January 8, 1959, appellees moved the circuit court to dismiss this attempted appeal and that court did so on January 20th, assigning as the basis therefor the grounds set out in appellees' motion, which were:

1. The $3 tax levied by KRS 142.011(1) has not been paid and such payment is a prerequisite to the right to appeal to the circuit court; and

2. A bond pursuant to CR 72.01 has not been executed or filed and failure to execute and file such bond within the period of time stated in the rule left the circuit court without jurisdiction to hear the appeal.

The Commonwealth on this appeal argues that it need not comply with either of these provisions.

■ The case at bar is controlled in every respect by Com., Dept. of Highways v. Hale et al., Ky., 348 S.W.2d 831, a very recent opinion of this Court. In the latter case, which dealt with the two points now before us, we held as to the application of KRS 142.011(1) to the Commonwealth that, since the statute did not specifically require

**154**

the Commonwealth to pay the tax in question, it was protected from the statute's requirement by sovereign immunity.

On the other hand, the Hale case determined that the Commonwealth could be required, if motion were seasonably made that it do so, to execute the bond specified by CR 72.01; but that it was error to dismiss the appeal where no bond had been made, if all the steps set forth in KRS 177.087 had been taken so as to give the circuit court jurisdiction of the case.

In the case at bar, which is also a proceeding under the foregoing statute, the Commonwealth, within 30 days, filed with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and its exceptions to the award made by the commissioners. Thus, it fully complied with the provisions of KRS 177.087, with the result that the circuit court acquired jurisdiction of this case.

In discussing the erroneous action of the trial court in dismissing the proceeding in the Hale case this Court said: "In the case at bar the court had obtained jurisdiction and the appeal had been perfected within the thirty days allowed. If appellees had desired a bond to be executed by the Commonwealth, that matter could have been reached by a proper motion, but the failure to execute the bond is not grounds for dismissal in the absence of an order by the court requiring the Commonwealth so to do. The court therefore erred in dismissing the appeal for failure to pay a tax under KRS 142.011(1), and to execute bond under CR 72.01, because neither was a prerequisite step in perfecting the appeal under the special statute, KRS 177.087." This ruling governs the facts in this case.

Wherefore, the judgment is reversed.