COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Martha BERRYMAN, Widow, et al.,
Appellees.

Court of Appeals of Kentucky.

Oct. 26, 1962.

Rehearing Denied Feb. 1, 1963.

John B.. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Paul E. Hunley, Atty., Dept. of Highways, Frankfort, for appellant.

John Marshall Prewitt, Mt. Sterling, Max E. Conn, Ames, Iowa, for appellees.

PALMORE, Judge.

This is a highway condemnation case originating in the Montgomery County Court and governed by the provisions of KRS 177.081 et seq. The report of commissioners awarding the landowner $13,540 was confirmed by a judgment of the county court entered on September 19, 1958. The Commonwealth filed its appeal in the Montgomery Circuit Court on October 17, 1958, within the 30-day period allowed by KRS 177.087. The landowner did not appeal or otherwise plead in the circuit court until October 21, 1958, the 32d day after the date of the county court judgment, when she filed an answer and counterclaim. The counterclaim raised the question of inadequacy of the award and demanded a jury trial on all questions of damages.

In a similar case it has been held that an amended answer and counterclaim pleading inadequacy of the award, but not filed within 30 days after the date of the county court judgment, could not be treated as a cross-appeal by the landowners. "The circuit court should have stricken or disregarded the pleading or attempt to cross-appeal because it was too late, with the result that the landowners were not entitled to claim more than * `*` * the amount of the county court judgment." Keeney v. Com., Ky.1961, 345 S.W.2d 481. See also Bennett v. Com., Ky. 1959, 322 S.W.2d 706.

The Commonwealth never questioned the defective appeal and did not object to the court's failure to limit recovery to $13,540 in its instructions to the jury. The result was a verdict for $18,316.

■ It is an accepted principle that jurisdiction of the subject-matter cannot be conferred by waiver or consent. Thompson v. Com., 1937, 266 Ky. 529, 99 S.W.2d 705; Rodney v. Adams, Ky.1954, 268 S.W.2d 940, 942; Burke v. Tartar, Ky.1961, 350 S.W.2d 146, 148. Though we do not appear to have held directly that a compliance with the 30-day time limit of KRS 177.087 is jurisdictional, that is the inference to be drawn from the language of several opinions to the effect that the circuit court obtains "jurisdiction" when an appeal is perfected in accordance with the requirements of that statute. Cf. Com. ex rel. Curlin v. Taylor, Ky.1955, 279 S.W.2d 813; Com., Dept. of Highways v. Hale, Ky.1961, 348 S.W.2d 831, 833; Com., Dept. of Highways v. Bargo, Ky.1961, 350 S.W.2d 153.

■ The 30-day limit having been held independently applicable to each of the parties, if it is jurisdictional neither can waive the failure of the other to comply.

The word "jurisdiction" is more easily used than understood. Conceived in terms of power, or effective authority, it may represent policy instead. Applied to questions of time, it is a convenient label to mark a requirement as ultra-mandatory. We think the requirement of KRS 177.087 that an appeal be taken within 30 days falls in that category. A fundamental purpose of the statute was to compel each party to speak up within 30 days or forever after hold his peace. The conspicuous absence of provision for additional time in which to cross-appeal rather clearly evinces a legislative policy against it.

■ The statute says also that the trial de novo in the circuit court shall be limited to the questions raised in the exceptions or statement of appeal, which we take to mean that the power of the circuit court is confined to the subject-matter of the appeal as distinguished from the subject-matter of the case as a whole. Therefore, the only question with which the circuit court was empowered to deal in this case was whether the county court award was excessive, and the maximum award it was authorized to make was $13,540.

■ The Commonwealth, of course, had the burden of proving that the value of the land taken and amount of damages totalled less than $13,540. The verdict indicates the burden was not sustained to the jury's satisfaction. Hence the landowner was entitled to judgment for $13,540 if there was substantial evidence to support it, and the appraisals of her valuation witnesses, though not reflecting any professional skill or technique, had sufficient probative weight to do so.

■ The jurisdictional question we have found to be decisive on this appeal was not raised by the Commonwealth. However, it is disclosed by the record, and we are bound to take cognizance of any defect that may invalidate the judgment under review. "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of the reviewing court, and then of the court from which the record comes. This

question cannot, so far as jurisdiction of the subject-matter is concerned, be waived by the parties or overlooked by the court. It is, therefore, open for the consideration of the reviewing court whenever it is raised by any party, or it may even be raised by the court of its own motion." 3 Am.Jur. 383, Appeal and Error § 839. See also Miller v. First Service Corp., C.A. 8, 1936, 84 F.2d 680, 109 A.L.R. 1179, and CR 12.08.

Reversed with directions that judgment be entered awarding the landowner $13,540 in lieu of $18,316 as awarded in the judgment from which this appeal was taken.