COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

John SANGALLI et al., Appellees.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

William BUSER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Joyce Ferris Nedde, Frankfort, Raleigh O. Jones, Louisville, for appellant.

Thomas C. Carroll, Carroll & Carroll, Robert E. Grubbs, Louisville, Thomas F. Marshall, Frankfort, for appellees.

WILLIAMS, Judge.

These two highway condemnation cases have been consolidated because there is a common question of law involved in each.

The Commonwealth filed proceedings in the Jefferson County Court seeking to condemn land for the purpose of constructing the Kentucky Turnpike. Judgments were entered in county court and each of the parties attempted to appeal to Jefferson Circuit Court. That was in 1954. In 1962, the Commonwealth moved the Jefferson Circuit Court to set the cases for trial. Whereupon the landowners filed motions to dismiss the appeals. The appeals were dismissed and the judgments of the Jefferson County Court were affirmed. These appeals result.

The circuit court dismissed the appeals on the ground that all parties were guilty of laches. Although we could possibly subscribe to that reasoning, we are of the opinion there is a more forceful reason the appeals should have been dismissed.

In its attempt to appeal in each case from the county court judgment the Commonwealth filed a statement of appeal which merely indicated that the Commonwealth believed the awards were too high. Nothing more · was done by the Commonwealth. KRS 177.087 provides that an appeal to the circuit court in a highway condemnation proceeding is perfected "by filing with the clerk of the circuit court a certified copy

of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner." We held in Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813, that when those three steps were taken the circuit court has jurisdiction of the case.

In White v. Commonwealth, Ky., 287 S.W.2d 625, an appeal was dismissed because a statement of the parties to the appeal was not filed. No statement of the parties to the appeal was filed by the Commonwealth in these cases. Consequently, the appeals must be dismissed, although the other two steps were possibly satisfied.

 The Commonwealth did not ask for it, but a certified copy of the judgment was filed in each of these cases pursuant to motions of the landowners. Since the copies became a part of each record, failure to file them by the Commonwealth would not of itself be fatal to its appeal. Commonwealth of Ky., Dept. of Highways v. Wilkins, Ky., 320 S.W.2d 125.

No exceptions were taken by the Commonwealth to the awards made by the commissioners in county court. The Commonwealth's allegation in its statement of appeal that the awards were too high may be taken as a ground of appeal, but was not an exception to the awards in county court.

But it was held in Commonwealth ex rel. Curlin v. Moyers, Ky., 280 S.W.2d 513, that filing of exceptions is not a jurisdictional requirement. Filing grounds of appeal satisfies the statutory requirement set out in KRS 177.087.

Also in these cases no summonses were issued in compliance with CR 72.01. The same fact existed in Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813. It was said there that the necessary steps to perfect the appeal had been taken; consequently, the circuit court had jurisdiction

although the summonses were not issued within the 30 days permitted for an appeal. But in that case the summonses eventually were issued, whereas so far as the record indicates here, no summonses have ever been issued.

The Commonwealth has failed to take all of the necessary steps in order to perfect appeals to the circuit court. As a consequence the appeals were properly dismissed.

The judgments are affirmed.