## FIRST NATIONAL REALTY CORPORATION *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 590, September Term, 1966.]

*Decided November 7, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Thomas A. Farrington,* with whom were *Hal C. B. Clagett*

and *Sasscer, Clagett, Powers & Channing* on the brief, for appellant.

*Charles J. Sullivan, Jr., Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The State Roads Commission on November 10, 1961, filed plats and deposited with the Circuit Court for Prince George's County the amount of its valuation of the property it was taking from the appellant. The Board of Property Review made its award on August 14, 1962. The owner filed its notice of dissatisfaction some twenty-two days later on September 5, 1962. The Commission did not file a petition for condemnation within thirty days from September 5 but itself filed a "notice of dissatisfaction" on September 13 and, within thirty days thereafter but thirty-five days after September 5, filed the petition for condemnation on October 10.

At a conference held shortly before the start of the condemnation suit on July 11, 1966, Judge Bowie rejected the owner's contention that because the Commission had neither acquired title to the condemned property within one year from the day of recording the plat nor filed a condemnation suit within thirty days of the filing of the notice of dissatisfaction by the owner, the time of valuation of the property was the time of trial, and accepted the Commission's contention that, since it had filed the condemnation proceeding within thirty days of the date of the filing of its own "notice of dissatisfaction," the time of valuation was the time the plat was recorded. The property owner, being aggrieved by an award reflecting 1961 rather than 1966 land values in Prince George's County, appealed.

We think that the relevant statute and Maryland Rule and prior decisions of this Court compel the conclusion that Judge Bowie erred in his ruling. Code (1964 Repl. Vol.), Art. 89B, § 18, provides that if either the Commission or the owner shall be dissatisfied with the award of the review board, "either shall have the right of appeal to the Circuit Court * * *," the case

to be determined on appeal "under the procedure set forth in this article and Art. 33A * * *." The statute then provides:

"If the Commission shall have failed to acquire title to the property and ascertained the amount to be paid for same within one year from the date the plats or maps are recorded, as aforesaid, or have failed to file a condemnation suit in the proper court, as aforesaid, then, and in such case, the value of the property shall no longer be determined as of the date the plats or maps were recorded but shall be determined as of the time of acquisition unless the value be less at the time of acquisition and then, in such cases, the value shall be determined as of the recordation date."

The parts of Art. 89B which had established the procedure upon appeal were repealed by Ch. 36 of the Laws of 1962 after the promulgation of controlling rules by this Court. Maryland Rule U27 f 1—"Dissatisfaction with Award"—provides that:

"Within thirty days after the filing of the award of the board with the clerk of the court, any party dissatisfied therewith may file written notice of his dissatisfaction with the clerk of the court."

The succeeding paragraph (2) says:

"Within thirty days after the filing of notice of dissatisfaction the condemning party shall institute a proceeding for condemnation by filing in court a petition for condemnation; and, the same proceedings shall be had thereon as if the matter had never been certified to the board of property review."

*Volz v. State Roads Commission,* 221 Md. 209, 214-16, and cases cited, and *State Roads Comm. v. Orleans,* 239 Md. 368, 375, strongly indicate, if they do not hold, that the "right of appeal" given by § 18 of Art. 89B of the Code to a party dissatisfied with the award of a review board is the right of the owner to compel the filing of a condemnation case within thirty days of a demand therefor and the right of the condemnor to file a condemnation suit within thirty days of the review board's award. The Court said in *Volz* (p. 215 of 21 Md.) :

"As we read Section 18, if either of the parties is dissatisfied with the award made by the review board, the dissatisfied party, whether the commission or the property owner, may, within thirty days, file or cause to be filed a petition for condemnation in the appropriate court. If the dissatisfied party is the property owner, he must give notice to the commission and the commission must thereupon proceed to file its petition, and the primary function of the notice seems to be to set the machinery in motion for the filing of the petition. If the filing of the petition is done of the commission's own volition, the owner must be given notice of the proceedings, but there is no statutory requirement for any other notice of appeal by the commission. In either event, once the petition is filed, the case proceeds as an ordinary condemnation case under Art. 89B or Art. 33A of the Code."

In *Orleans,* after rejecting one other possible construction, we said (p. 375 of 239 Md.) :

"A second reasonable reading of Sec. 18 is that it gives the Commission one year to acquire title to and pay for the land taken by agreement with the owner or acquiescence in the Board's award and thirty days after the award of the Board, if the Commission is dissatisfied, or thirty days after the filing of notice of dissatisfaction by the owner, within which to file suit. On this reading of the section, the words 'as aforesaid' following the reference to the filing of suit would refer to the procedural provisions as to manner and time of filing suit of Rule U27."

There is no need in the case before us to determine how long the Commission has to file the condemnation suit if the owner does not demand such a suit by filing his notice of dissatisfaction, because here the owner did demand that the Commission proceed to condemn and we are convinced that in such an instance the Commission has no alternative to filing a suit within thirty days of the demand if it is not to lose its right to the

early valuation date. This construction flows from the plain and unambiguous words of Rule U27 f 2 and is the reading given § 18 and Rule U27 by *Volz* and *Orleans*. The evident purpose of the statute and the rule is to give the Commission a defined and restricted limit within which to proceed to condemn. The owner cannot institute a condemnation suit so the law gave him the right to require the Commission, who can, to do so promptly, that is, within thirty days. We held in *Orleans* (p. 376 of 239 Md.) that once the owner's notice of dissatisfaction is filed, the thirty-day provision "is mandatory, in our opinion." The Commission cannot lengthen the time within which it must act by proclaiming its dissatisfaction and thus acquiring thirty days' additional grace from the time it publicly reveals it is unhappy. The Commission, once the owner's notice is given, is in effect his agent in its obligation to file the condemnation case. Short of settling the case, it cannot diminish that obligation to act within thirty days without losing the time of filing of the plat as the valuation date. Nothing in the statute and Rule, however they be construed, destroys or negates the mandatory need for the Commission to file suit within thirty days after the owner's demand.

> *Judgment reversed, with costs, and case remanded for further proceedings.*