STATE ROADS COMMISSION OF MARYLAND *v.*
PATRICK A. O'BOYLE, ROMAN CATHOLIC
ARCHBISHOP OF WASHINGTON

[No. 299, September Term, 1967.]

*Decided July 3, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH,
JJ.

*Charles J. Sullivan, Jr., Special Attorney,* with whom were
*Francis B. Burch, Attorney General,* and *Joseph D. Buscher,*
*Special Assistant Attorney General,* on the brief, for appellant.

*James J. Lombardi* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The State Roads Commission asks us to construe the law and the Maryland rules to permit it to maintain a condemnation case filed in the Circuit Court for Prince George's County thirty-one days after the Commission filed its notice of dissatisfaction with the award of the Board of Property Review.[1]

We agree with Judge Parker that the case must be dismissed as filed late. This Court, in *State Roads Commission v. Orleans,* 239 Md. 368, 372-73, pointed out that:

> "Under Sec. 18 of Art. 89B [now Rule U 27], as originally enacted, either the Commission or the property owner could 'appeal' within thirty days to the Circuit Court from an award of the Board and, upon appeal, the case was to be heard and determined under the procedures of Articles 89B and 33A of the Code. If the property owner sought the appeal, he was to notify the Commission in writing and thereupon it became the duty of the Commission to file the condemnation suit in the proper court. (It was held in *Volz v. State Roads Commission,* 221 Md. 209, that the statute meant simply that either side may bring about the filing of a condemnation suit in the Circuit Court and have it heard as a new and independent action and that the 'appeal' was the condemnation case.) Sec. 18, as originally enacted, then used the words quoted above and here to be construed that, if title were not acquired within one year or a condemnation suit not filed, 'as aforesaid,' the valuation date was not to be the recordation date but the 'time of acquisition.' "

---

1. The Commission had reason to be dissatisfied. It paid $25.00 into court in order to "quick-take" 23,563 square feet in fee simple and 3,975 square feet in revertible easement for slope purposes and 240 square feet for perpetual easement for drainage facilities for the dualization of Maryland Route 450. The Property Review Board awarded the owner, the Roman Catholic Archbishop of Washington, a total of $20,213.50.

514

The holding in *Orleans* was that since the Commission had not acquired title within one year from the filing of the maps or plats and had neither filed suit within that time nor within thirty days of the filing of the owner's notice of dissatisfaction, the date of trial rather than the date of the filing of the maps or plats was the date of valuation.

We reiterated this holding in *First National v. State Roads Commission,* 247 Md. 709, rejecting the Commission's contention that it could extend the thirty-day period within which it must file the condemnation proceeding by filing its own notice of dissatisfaction after the owner had filed his and calculating the thirty days from the later filing, and emphasizing that once the owner filed a notice of dissatisfaction the Commission's duty to condemn within thirty days thereof was mandatory and ineluctable. We said (p. 711 of 247 Md.) :

> "*Volz v. State Roads Commission,* 221 Md. 209, 214-16, and cases cited, and *State Roads Comm. v. Orleans,* 239 Md. 368, 375, strongly indicate, if they do not hold, that the 'right of appeal' given by § 18 of Art. 89B of the Code to a party dissatisfied with the award of a review board is the right of the owner to compel the filing of a condemnation case within thirty days of a demand therefor and the right of the condemnor to file a condemnation suit within thirty days of the review board's award."

In the case before us the Commission argues that the only penalty it incurs by filing the condemnation suit more than thirty days after it filed its notice of dissatisfaction is that it must use the time of trial as the valuation date. Judge Parker disposed of this contention, correctly we think since the timely institution of the condemnation proceeding is an indispensable part of the "appeal," as follows:

> "In the *Orleans* case the property owner, not the State, filed a notice of dissatisfaction. The Court held that Maryland Rule U 27 f (2) requiring the condemning party to institute condemnation proceedings within thirty days after a notice of dissatisfaction is

filed was mandatory, not directory. The Court, however, could not penalize the owner by refusing to hear the petition because of the late filing by the State so it in effect penalized the State by changing the date of valuation.

"In the case before us, however, the State, not the property owner, filed a notice of dissatisfaction with the award of the Board of Property Review. This distinction is crucial and we feel it places this case under the holding in *Bushey v. State Roads Commission,* 231 Md. 154.

"In the *Bushey* case the Circuit Court of Carroll County dismissed an appeal to that Court by property owners from an award of the Board of Property Review on the grounds that the notice of dissatisfaction had not been filed within thirty days after the award. On appeal, the property owners' contention was that where an appeal is permitted by law, but is required to be filed within a certain time, the Court has a 'reasonable discretion' to allow an appeal although not filed within the specified time. The Court of Appeals in affirming the decision of the Circuit Court held that the Court had no such reasonable discretion unless given that power by statute, rule of court or constitutional provisions.

"Likewise, the Court has no discretion to grant an appeal in the present case. The wording of Maryland Rule U 27 f (2) is mandatory,

'Within thirty days after the filing of notice of dissatisfaction the condemning party *shall* [emphasis added] institute a proceeding for condemnation by filing in court a petition for condemnation, * * *'

and the Courts have held it to be mandatory, not directory. *State Roads Commission v. Orleans, supra.* In the *Orleans* case the Court had to hear the petition for condemnation since it could not penalize the property owner who had timely filed his notice of dissatisfaction because the State had failed to file a Petition

for Condemnation within thirty days. But in the present case the State has filed a notice of dissatisfaction and when the State failed to file its petition within thirty days, under Maryland Rule U 27 f (2) it lost its right to have the Court hear the Petition for Condemnation."

Courts in other States have taken a similar view in analogous circumstances. *See In Re Smith's Estate,* 235 P. 2d 63 (Kan. 1958) ; *Commonwealth of Ky. v. Sangalli,* 383 S. W. 2d 674 (Ky. 1964) ; *Petition of Redevelop. Auth. of City of Bethlehem,* 205 A. 2d 629 (Pa. Super. 1964).

*Order affirmed, with costs.*