Kenneth N. Ragland, Calhoun, Richard S. Taylor, Owensboro, for appellees.

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Edward FIRELINE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

NEIKIRK, Justice.

In a condemnation proceeding, the Commonwealth of Kentucky, Department of Highways, obtained a judgment in the Mc-Lean County Court whereby the Commonwealth acquired title to 5.26 acres of land for a permanent right of way and .041 acres for a permanent easement, and the landowners were awarded $7,500. On July 11, 1967, the Commonwealth appealed the judgment to the McLean Circuit Court. The landowners did not appeal. The appeal by the Commonwealth to the circuit court remained dormant until March 7, 1970, at which time the Commonwealth filed a motion to set the case for trial by jury during the June 1970 term of the McLean Circuit Court. The landowners' attorney filed a motion to dismiss the appeal on the ground that the Commonwealth had failed to prosecute the action. Following a hearing, the circuit court entered judgment overruling the Commonwealth's motion and sustaining the landowners' motion to dismiss "on the

1. KRS 439.430 was amended again in 1962 and 1966.

grounds of failure to prosecute." After failing to convince the circuit court to vacate and set aside the judgment, the Commonwealth perfected its appeal to this court.

The only question presented on this appeal is whether the trial court erred in dismissing the Commonwealth's appeal for failure to prosecute.

The Commonwealth, after perfecting its appeal on July 11, 1967, did nothing further until March 6, 1970, a period in excess of two years and seven months. The circuit court was warranted in finding the long delay unreasonable, and not fair and equitable to the landowner. Delays in our court system are grave enough, and we feel the Commonwealth should not add to this serious problem by ignoring a case of such importance to a landowner.

All parties agree that KRS 177.087 is controlling as to perfecting appeals in a condemnation proceeding. The Commonwealth contends that this statute supersedes the provisions of CR 72.04. In Commonwealth v. Taylor, Ky., 279 S.W.2d 813 (1955), a condemnation case, we held that CR 72.01 applies, and further stated, "The appellee is given a remedy in CR 72.04, if the appellant moves to dismiss or fails to prosecute his appeal." In Commonwealth, Department of Highways v. Holloman, Ky., 390 S.W.2d 666 (1965), we held that pursuant to CR 41.01 and CR 72.04, the Commonwealth could on proper motion dismiss its appeal. KRS 177.087 does not exclude the availability of applicable civil rules.

We have considered other arguments advanced by the Commonwealth and find them not to be persuasive.

The trial court, in the exercise of its broad discretion and inherent powers, did not err in dismissing the Commonwealth's appeal.

The judgment is affirmed.

All concur.