Davis STIDHAM and Nora Stidham, Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

April 28, 1978.

Rehearing Denied June 16, 1978.

Don A. Ward, Barbourville, for appellants.

Ed W. Hancock, Asst. Atty. Gen., Dept. of Transp., Frankfort, Dell W. Littrell, Lexington, for appellee.

Before PARK, VANCE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This is an appeal from an order entered September 8, 1977, which sustained a motion to strike appellants' exceptions and dismissed this condemnation action. Appellants owned a tract of real estate in Perry County, Kentucky, through which the appellee desired to construct a highway. A condemnation action was filed on October 6, 1976, pursuant to K.R.S. 416.540 *et seq.* Three commissioners were appointed and made their report to the court. Appellants were required to file their answer within twenty days from the date of summons.[1] Appellants included as part of their answer, exceptions to the report of award of commissioners. On January 21, 1977, appellee moved for an interlocutory judgment, which was granted on February 11, 1977.[2] On March 25, 1977, appellee moved to strike appellants' exceptions, and the trial judge sustained the motion to strike. This appeal followed.

The question presented is whether the appellants complied with K.R.S. 416.610 and K.R.S. 416.620[3] in filing exceptions prior to the entry of the interlocutory judgment, which was before the thirty day statutory period began to run. A careful examination of the record shows that the appellants did not violate those statutory provisions, and we therefore believe the exceptions should not have been stricken.

Here, the exceptions were incorporated in the answer and, therefore, could be considered as a pleading. Civil Rule 12.06 provides that a motion to strike shall be filed within twenty days after the service of a pleading. Appellee did not file its motion to strike until more than twenty days after the appellants had filed their answer and exceptions. If appellee had filed its motion

1. K.R.S. 416.600 provides:

   "Any answer or other pleading filed by the owner in response to the summons shall be filed on or before the twenty days after date of service and shall be confined solely to the question of the right of the petitioner to condemn the property sought to be condemned, but without prejudice to the owner's right to except from the amount of the compensation awarded in the manner provided in K.R.S. 416.550 to K.R.S. 416.670."

2. K.R.S. 416.610(4) provides in part:

   "If the owner has filed answer or pleading putting in issue the right of the petitioner to condemn the property or use and occupation thereof sought to be condemned, the court shall, without intervention of jury, proceed forthwith to hear and determine whether or not the petitioner has such right. If the court determines that petitioner has such rights, an interlocutory judgment, as provided by subsection (2) of this section, shall be entered."

3. K.R.S. 416.620(1) provides in part:

   "Within thirty (30) days from the date of entry of an interlocutory judgment authorizing the petitioner to take possession of the property, exceptions may be filed by either party or both parties by filing with the clerk of the circuit court and serving upon the other party or parties a statement of exceptions, which statement shall contain any exceptions the party has to the award made by the commissioners."

to strike in a timely fashion, and the motion had been sustained, then the appellants would have still had time within which to file their exceptions.

When the report of commissioners is filed, the property owner can express his disagreement with the amount fixed in the report by filing exceptions. The purpose of K.R.S. 416.620 would be fulfilled, and it is unnecessary to wait until the interlocutory judgment is filed to express disagreement with the price as fixed by the commissioners. Here, the appellee waited longer than sixty days, during which time the interlocutory judgment was entered, and then continued to wait for longer than thirty days before complaining about the exceptions.

K.R.S. 416.620 is a limitations statute which prohibits the filing of exceptions at any time after thirty days from the date of interlocutory judgment but does not prohibit the filing of exceptions before the thirty day period.

Therefore, the judgment of the trial court is reversed and this case is remanded for action consistent with this opinion.

All concur.