Linda **FICKEY**, Appellant,

v.

**CROSS CREEK APARTMENTS, LTD.**, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1985.

Edward Dove, Western Kentucky Legal Services, Inc., Madisonville, for appellant.

Mark Little, Little & Corbin, Madisonville, for appellee.

Before COMBS, MILLER, and WILHOIT, JJ.

WILHOIT, Judge.

The appellee, Cross Creek Apartments, Ltd., is a federally subsidized housing project for qualified low-income tenants. The appellant, Linda Fickey, who is indigent, was formerly a tenant of the appellee and resided in a government subsidized apartment. On March 11, 1983, the appellee filed a forcible detainer action against the appellant alleging that she had violated provisions of her lease by allowing an unauthorized person to live there and by failing to have the lease recertified when her income increased (a requirement to get governmental assistance). A jury in the Hopkins District Court concluded that the appellant had materially breached her lease and found her guilty of a forcible detainer. The appellant then filed a notice of appeal, but the Hopkins Circuit Court dismissed the appeal since the appellant had not deposited rental monies with the circuit court as required by KRS 383.255. The appellant filed a motion to vacate the order dismissing the appeal, but the motion was denied by the circuit court. This Court then granted discretionary review but limited the review to the issue of whether KRS 383.255 is constitutional insofar as it would

require an indigent person to deposit with the circuit court clerk the amount of rent due from the onset of the forcible detainer action as a condition precedent to maintaining an appeal to the circuit court.

Section 115 of the Kentucky Constitution states that a person "shall be allowed as a matter of right at least one appeal to another court." The statute pertaining to an appeal from a forcible detainer action, KRS 383.255, states as follows:

(1) If either party conceive himself aggrieved by the judgment of the court, he may file an appeal within seven (7) days next after the finding aforesaid, and shall deposit with the circuit court clerk the amount of rent owing and due from the onset of the forcible entry and detainer proceedings as well as the amount of all future rents, as it becomes owing and due in each succeeding month during the pendency of the appeal. The rental moneys collected in this account shall be distributed by court order at the conclusion of an appeal.

(2) Upon the aggrieved party perfecting his appeal by the payment of moneys into court pursuant to subsection (1) of this section the court shall stay all further proceedings on the inquisition, and return the whole of the papers and proceedings, or a fair transcript thereof, to the office of the circuit court of said county, within ten (10) days thereafter.

The circuit court interpreted KRS 383.255 to mean that the appellant was required to pay into court rent which was due and owing or have her appeal dismissed. We cannot fault the circuit court for this interpretation because the clear implication of the statute is that if the money is not paid into court, the appeal is not "perfected" and, therefore, must be dismissed. However, when applied to an indigent person without sufficient funds to make the required payment into court, the statute creates a financial barrier between him and the circuit court which forecloses his avenue of appeal. Aside from any federal constitutional question which this might

present, *cf. Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), we are convinced that as to such a person, the statute constitutes an unreasonable and, therefore, impermissible regulation of the exercise of the right of appeal secured by the Kentucky Constitution.

The statute is written to protect the property interests of both landlord and tenant. If the former is successful in the district court, he is sure to get his rent, while the latter can maintain possession of the premises at least until the appeal is disposed of. This is a reasonable objective, and we do not for one minute question the authority of the legislature to condition any tenant's right to continued occupancy of the premises during the pendency of an appeal upon the payment of rental monies into court. What it cannot do is also condition the right of appeal upon this payment when the appellant cannot pay because of poverty. An indigent person has no constitutional right to supersede a judgment without posting security, but he does have a constitutional right to one appeal without having to do so. Otherwise reasonable, the deposit provision of the statute becomes unreasonable when applied to a person who is unable to make the deposit because of poverty and, therefore, must be disregarded as to such a person.

Of course, if he does not make the deposit, the provision of subsection (2) of KRS 383.255, which has the effect of staying enforcement of the district court's judgment, is not triggered with the consequence being that the landlord might obtain possession of the premises before the appeal is disposed of.

The judgment of the circuit court is reversed and this case is remanded for further proceedings consistent herewith.

All concur.