**KENTUCKY UTILITIES
COMPANY, Appellant,**

**v.**

**Eli BRASHEAR and Irene Brashear,
His Wife, Appellees.**

Court of Appeals of Kentucky.

March 13, 1987.

Leslie W. Morris, II, Lexington, James Thompson, A.R. Burnam, Richmond, for appellant.

Mart V. Mainous, Main Street, Irvine, James T. Gilbert, Charles R. Coy, Richmond, for appellees.

Before HOWERTON, C.J., and CLAYTON and HOWARD, JJ.

CLAYTON, Judge.

This is an appeal from an Estill Circuit Court condemnation award. Kentucky Utilities contends reversible error was

made in the lower court's allowance of the Brashears to file untimely exceptions and failure to enter a final judgment as required by KRS 416.620(6). The appellant's objections to the appellees' late filing of exceptions preserves this issue for review.

Kentucky Utilities filed this condemnation action on February 13, 1981, pursuant to the Eminent Domain Act of Kentucky for purposes of acquiring an easement for construction of transmission lines across portions of the Brashears' property. Commissioners were appointed whose subsequent report to the court awarded the Brashears $1,050.00, such sum being the difference between the market value of the entire tract of land immediately before the taking and the market value immediately after the taking. Summons was served on them pursuant to KRS 416.590 and KRS 416.620. The Brashears filed an answer denying Kentucky Utilities' right to condemn and requesting an evidentiary hearing as required by KRS 416.610(4).

Hearing was held on May 28, 1981. On that same day the court's findings of fact, conclusions of law and interlocutory judgment granted Kentucky Utilities easement rights and authorized immediate possession. KRS 416.610(4).

On December 9, 1981, Kentucky Utilities filed a motion for a final judgment pursuant to KRS 416.620(6). On December 11, 1981, the court ordered the motion to be continued and granted the Brashears permission to file "any answer or other responsive pleadings within the next twenty days to which the plaintiff (Kentucky Utilities) objects." On December 28, exceptions to the interlocutory judgment were filed pursuant to KRS 416.620(1), though the 30–day period of subsection 1 between the interlocutory judgment and the filing of exceptions had long expired. The exceptions requested a jury trial on the issue of the amount of compensation to be awarded.

On January 8, 1982, the court set a hearing to be held on February 12 to determine whether the Brashears "received proper notice concerning this action." On February 12, the hearing was held and order entered on February 26, overruling Kentucky Utilities' motion for final judgment, permitting the December 28th filing of exceptions pursuant to KRS 416.620(1), and permitting Kentucky Utilities to file its own exceptions without waiving its objections to the December 28th filing. On March 17, Kentucky Utilities filed exceptions containing its continuous objection and demanding a trial on the issue of compensation, alleging the commissioners' award as excessive.

After a jury trial awarded $10,000.00, judgment was entered on November 26, 1985, ordering recovery of that amount. The circuit court thereafter overruled Kentucky Utilities' motion to set aside the judgment or for a new trial. It is from the judgment awarding $10,000.00 that this appeal is taken. Appellants request reversal for entry of the final judgment for the amount of the commissioners' award.

■ The issue is whether the circuit court had discretion to permit the late filings of exceptions and deny Kentucky Utilities' motion for final judgment pursuant to KRS 416.620(6), resulting in a jury determination of an award in excess of the commissioners'. We agree that the circuit judge erred.

Kentucky Utilities cites *Commonwealth v. Berryman*, Ky., 363 S.W.2d 525 (1963), where the Court on its own initiative held that the 30–day time limit for taking an *appeal* from county court to circuit court under KRS 177.010 *et seq.* [the predecessor of KRS 416.620] is "subject matter jurisdictional," therefore it was reversible error for the circuit court to permit a filing of appeal that was two days late. (The county court judgment and circuit court under the former statute are the equivalent of the present statute's interlocutory judgment and filing of exceptions, respectively). *At* 526, this Court stated:

The word "jurisdiction" is more easily used than understood. Conceived in terms of power, or effective authority, it may represent policy instead. Applied to questions of time, it is a convenient label to mark a requirement as ultra-mandatory. We think the requirement of KRS 177.087 that an appeal be taken within 30

days falls in that category. A fundamental purpose of the statute was to compel each party to speak up within 30 days or forever after hold his peace. The conspicuous absence of provision for additional time in which to cross appeal rather clearly evinces a legislative policy against it.

However persuasive *Berryman* may be as to a court's jurisdictional requirements, it is significant to note that under the present statute the interlocutory judgment is entered and exceptions are filed to the same court; therefore, *Berryman* and its "jurisdictional" language are inapplicable here.

*Stidham v. Commonwealth*, Ky.App., 579 S.W.2d 372, 374 (1978), affords some guidance under the present Act. There the issue presented was whether the act was complied with where the landowners filed exceptions *prior* to entry of the interlocutory judgment which was before the 30–day statutory period began to run. In holding that it was, the Court referred to KRS 416.620 as "a *limitation statute* which prohibits the filing of exceptions at any time after thirty days from the date of interlocutory judgment but does not prohibit the filing of exceptions *before* the 30–day period."

In *Hagg v. Kentucky Utilities*, Ky.App., 660 S.W.2d 680, 682 (1983), the landowners motioned for an extension of time to file their exceptions to the interlocutory judgment several days after the 30 days had expired. In that case the issue concerned what types of issues could be placed in those exceptions, but this Court eluded to its doubt as to the propriety of the judge's action. "*Assuming the trial court had authority to grant an extension of the 30–day period for filing exceptions*, it is clear that those exceptions could not raise any question concerning the right of the appellee to condemn the appellant's land."

In the case at bar, the record does not reveal that a motion for extension of time to file the untimely exceptions was ever made. When Kentucky Utilities made a motion for final judgment in December, the court should have entered it as required by KRS 416.620(6). The language therein is couched in mandatory terms: "[U]pon expiration of 30 days from entry of the interlocutory judgment if no exceptions are filed the circuit court *shall* make such orders ... and shall enter such final judgment as may be appropriate." If there was any judicial discretion left in the statute to permit untimely filings, it surely was an abuse of discretion for the court to permit it without a proper motion being filed and, even if one had been filed, six months late.

KRS 416.650 provides that all proceedings under KRS 416.550 to KRS 416.670 shall be governed by the Civil Rules except where the sections specifically or by necessary implication provide otherwise.

■ Appellees ask this Court to apply CR 77.04(2), which requires the clerk to make a notation in the case docket of the service required in paragraph 1 of this Rule [which requires service of notice of entry by mail to every party immediately upon entry in the trial court of a judgment, a final order, an order which affects the running of time for taking an appeal, or an order by which its terms is required to be served] and that the notation show the date of service. The date of the notation on the docket of the service of notice of entry shall be the date of entry for the purpose of fixing the running of time for appeal. CR 77.04(2). It is submitted by appellees that since this notation was not entered the 30–day time period never began to run. Appellees have failed to note the nature of CR 73 as provided in CR 73.01(1) and (2):

RULE 73.01. General provisions—(1) Rules 73, 74, 75 & 76 apply in civil actions except as otherwise provided in Rule 72 or in statutes creating special remedies.

(2) All *appeals* shall be taken to the *next higher court* by filing a notice of appeal in the trial court. [emphasis ours].

Reading these sections together supplies clarity to the position that Civil Rule 77.04 does not apply to the situation at all as the filing of exceptions in the same court is not an "appeal" to "the next higher court." Additionally, KRS 416.100 *et seq.* is a statute that creates "special remedies."

Moreover, Civil Rule 58(1) provides that the clerk shall note a judgment or order entered in a trial court in the civil docket and "[t]he notation constitutes the entry of the judgment or order, which shall become effective at the time of such notation. The additional notation required by Rule 77.-04(2) or by CR 12.06(2), shall govern the running of time for appeal under Rule 73.-02." The clerk made notation of entry of judgment on May 28, 1981, in compliance with Civil Rule 58; the interlocutory judgment became effective on that date and the 30–day period commenced to run. Consistent with KRS 416.620(6), the circuit court should have entered final judgment on its own initiative or, in any event, when Kentucky Utilities motioned for it in December 1981.

Appellees alternatively contend that they were not notified of the entry of the interlocutory judgment and, as a result, the 30–day period should not run against them. They cite authority for the general rule that due process requires at a minimum the opportunity to be heard at a meaningful time and manner. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

In the case at bar, the findings of fact, conclusions of law, and interlocutory judgment were entered the same day as the hearing from which it resulted. The judgment reveals that Kentucky Utilities paid unto the clerk of the court $1,050.00, it being the amount awarded by the commissioners. Also, Kentucky Utilities was granted authorization to take immediate possession of the easement. The clerk made notation on the judgment that copies were mailed or delivered to the parties' attorneys. It is unclear from the record whether the parties' attorneys were present when the judge made his determinations of fact and law and entered the judgment. Even assuming arguendo that the landowners' attorneys were not present at the judgment nor notified of its entry, they should have made inquiry of the progress of the proceedings as KRS 416.-610(4) requires the court to "proceed forthwith" to hear and determine whether or not

the petitioner (Kentucky Utilities) has a right to condemn.

We reject the appellees' due process argument. We reverse the circuit court's judgment awarding $10,000.00 to appellees and remand for entry of a final judgment awarding $1,050.00 in conformance with the commissioners' original award.

All concur.