RENDERED:  JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0254-DG

ROSE BUCKNER AND STEVE
MAYS                                                                       APPELLANTS


ON REVIEW FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 24-XX-000080


PROPERTY MANAGEMENT OF
LOUISVILLE, LLC FOR LARRY
STOKES                                                                       APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND L. JONES, JUDGES.

COMBS, JUDGE:  This was a forcible detainer action in which we granted

discretionary review to tenants, Rose Buckner and Steve Mays, from an order of

the Jefferson Circuit Court.  The circuit court's order dismissed the appeal of

Buckner and Mays from a judgment of the Jefferson District Court that restored the

premises leased by them to Property Management of Louisville, LLC, for Larry

Stokes (Property Management of Louisville).  Buckner and Mays argue that the circuit court erred by concluding that it lacked authority to extend time for them to file a statement of appeal even where it concluded that a motion for an enlargement of time was timely filed and counsel's health issues presented good cause justifying the requested extension.

Property Management of Louisville elected not to file an appellee brief.  Where an appellee's brief has not been filed within the time allowed, our rules of appellate procedure provide that the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.  Kentucky Rules of Appellate Procedure (RAP) 31(H)(3); *Strong v. Gary*, 673 S.W.3d 77, 79 (Ky. App. 2023).

Property Management of Louisville did not argue to the circuit court that it lacked authority to extend time for the tenants to file a statement of appeal. "[Property Management of Louisville] do[es] not mention or address RAP 6(C)[.]" Order of the Jefferson Circuit Court dismissing appeal at 1, entered January 3, 2025.  To its credit, Property Management of Louisville has not argued in favor of the circuit court's order dismissing the appeal.  Having considered the facts and circumstances of this case, we choose to regard the decision of Property

Management of Louisville not to submit a brief as a confession of error and reverse the judgment.

Filing a timely notice of appeal is necessary in order to invoke the jurisdiction of an appellate court. RAP 2(A)(2). Buckner and Mays properly appealed the district court's judgment by filing a timely notice of appeal on October 23, 2024, seven (7) days after it was entered.

With an exception for special statutory proceedings, our rules of appellate procedure govern in all Kentucky courts. RAP 1(A). In special statutory proceedings, the procedural requirements of the governing statutes prevail over any inconsistent procedures prescribed by the rules. *Id.*

Article III of our rules of appellate procedure supplies general provisions applicable to appeals. RAP 6 provides for the computation of time and the extension of time limits. RAP 6(C) authorizes an appellate court -- for cause shown -- to extend the time for an act that is required or allowed to be done within a specified time if the request is made before the expiration of the period originally prescribed. It expressly prohibits an extension of time for taking any action under RAP 3(A) (time for filing a notice of appeal); RAP 4(B) (time for filing a notice of cross-appeal); or RAP 17 (time for filing a notice of transfer from the Court of Appeals to the Supreme Court).

Article 9 of our rules of appellate procedure pertains specifically to appeals from district court. RAP 48, found therein, provides, in part, that appeals from district court to circuit court "must be prosecuted under the procedures set out in this rule and other RAP provisions as set forth in this rule" with the exception of an appeal from a final order entered in a district court proceeding based on a statute providing a special remedy. RAP 48(A)(1). Relying on the language quoted, the Jefferson Circuit Court concluded that the provisions of RAP 6 did not apply to appeals from district court because its provisions were not specifically referenced in the provisions of RAP 48. Consequently, the circuit court concluded that it was not authorized to permit an extension of time in which the appellants could file the statement of appeal required by RAP 48(F).

However, the circuit court did not address the remaining language of RAP 48, which provides that "the procedural requirements of the statute [providing a special remedy] will prevail over any inconsistent procedures set out in this rule or any other RAP." RAP 48(A)(2). The appellate rule specifically identifies KRS[1] 383.255, governing forcible detainer proceedings, as a special remedy statute. RAP 48(B)(2).

The provisions of KRS 383.200-285 describe an ancient eviction process with "unique procedural requirements." *Shinkle v. Turner*, 496 S.W.3d

---

[1] Kentucky Revised Statutes.

418, 421 (Ky. 2016) (citing *Baker v. Ryan*, 967 S.W.2d 591, 592 (Ky. App. 1997) ("the [forcible entry and detainer] statutes set up an exclusive procedure, complete unto itself[.]")). KRS 383.255 authorizes an appeal from a judgment of forcible detainer. The party appealing must file a notice of appeal in the district court within seven (7) days and deposit with the circuit court clerk

> the amount of rent owing and due from the onset of the forcible entry and detainer proceedings as well as the amount of all future rents, as it becomes owing and due in each succeeding month during the pendency of the appeal.

KRS 383.255(1); *but see Fickey v. Cross Creek Apartments, Ltd.*, 700 S.W.2d 807, 808 (Ky. App. 1985) (addressing whether the requirement to pay into court the amount of rent owing is constitutional).

The statute provides the process for perfecting an appeal: the filing of the notice of appeal **and** the payment of the required sum of money into court. KRS 383.255(2); *see also Fickey*, 700 S.W.2d at 808 ("The circuit court interpreted KRS 383.255 to mean that the appellant was required to pay into court rent which was due and owing or have her appeal dismissed. We cannot fault the circuit court for this interpretation because the clear implication of the statute is that if the money is not paid into court, the appeal is not 'perfected' and, therefore, must be dismissed.").

The district court is then required to stay its proceedings "and return the whole of the papers and proceedings, or a fair transcript thereof, to the office of the circuit court . . . within ten (10) days[.]" *Id.* Thus, the party appealing is **not required** by the provisions of the forcible detainer statute to file a statement of appeal in order to perfect his appeal of the district court's judgment to circuit court.

Pursuant to our rules of appellate procedure, the circuit court could order the party appealing to file a statement of appeal if it believed it helpful to resolve the issue. However, there is no such procedural requirement governing the appeal of a forcible detainer judgment. Instead, the special remedy statute identifies a unique and distinct method, "complete unto itself," by which an appeal is perfected. *See Commonwealth, Dep't of Highways v. Hale*, 348 S.W.2d 831, 831–33 (Ky. 1961) (the Commonwealth's failure to execute an appeal bond within thirty (30) days was not grounds for dismissal because the special remedy statute controlling condemnation did not require it as a "prerequisite step in perfecting the appeal").

The order of the Jefferson Circuit Court dismissing this appeal is reversed, and this matter is remanded accordingly for additional proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:               NO BRIEF FOR APPELLEE.

Harry B. O'Donnell, IV
Louisville, Kentucky