Irvin STICE, Appellant,

v.

Howard LEONARD et al., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1967.

DAVIS, Commissioner.

Irvin Stice, defendant in the trial court in a suit brought against him by Howard Leonard, has undertaken an appeal from an order permitting the plaintiff Leonard to dismiss his action without prejudice. To focus upon the issues at bar, we relate the events which occurred in the trial court.

The plaintiff was an employee of the Department of Highways, and while engaged in the performance of his duties on Highway No. 259, he was struck by an automobile operated by the defendant Stice. The plaintiff instituted this action seeking recovery of $100,000.00 damages for personal injuries and incidental expenses. The defendant filed his answer denying liability and pleading contributory negligence. Defendant subsequently filed a counterclaim seeking $500.00 as property damage to his automobile and with the court's permission filed a third-party complaint against the Department of Highways, Commonwealth of Kentucky, asserting entitlement to indemnity or contribution for any sum which might be recovered of him by the plaintiff. The Department of Highways filed its answer to the third-party complaint interposing the defense of sovereign immunity and denying liability on the merits. The Department also sought recovery of such sums as it had expended in payment of workmen's compensation benefits in behalf of its employee Leonard.

When the case came on for trial, the plaintiff's counsel moved for a continuance based upon his affidavit that the plaintiff was ill and unable to attend trial. It was shown in the affidavit that the plaintiff was at Cleveland, Tennessee, and that the counsel was then ·unable to present an affidavit of the attending physician although assurance was given the court that such a certificate could and would be obtained forthwith. The motion for continuance was denied, and the case proceeded to trial.

After all the evidence had been heard in behalf of the plaintiff and the defendant

William J. Parker, Bowling Green, for appellant.

Douglas E. Robertson, Charles W. Huddleston, Bowling Green, Robert Matthews and H. C. Smith, Frankfort, for appellees.

Stice, motions for peremptory instructions were made in behalf of the plaintiff and the defendant. During the course of discussion of these motions, the trial judge indicated to the plaintiff's attorney that unless the plaintiff dismissed the action without prejudice a peremptory instruction for the defendant would be given. Accordingly, the plaintiff moved that the complaint be dismissed without prejudice to which objection was made by the defendant Stice and the third-party defendant, Department of Highways. Over those objections the court entered its order dismissing the complaint without prejudice, and this appeal in behalf of the defendant Stice resulted.[1]

The defendant (appellant) contends: (1) that the order dismissing the complaint without prejudice is an appealable order within the meaning of CR 73.01, and (2) that the plaintiff (appellee) was guilty of contributory negligence as a matter of law. The appellees, Leonard and the Department of Highways, urge that the present appeal is not tenable in light of CR 54.02. We agree.

It is at once apparent that the action involved multiple claims within the purview of CR 54.02. The order from which this appeal was taken did not determine all of the claims at issue, nor did it recite that it was a final order and that no just reason for delay appeared. We will not entertain the appeal from that interlocutory order. First Nat. Bank of Mayfield v. Gardner, Ky., 330 S.W.2d 409.

The trial court did not rule on the question of plaintiff's contributory negligence, so there is no trial ruling at issue on appeal relating to contributory negligence. Our province is to serve as a court of review of alleged errors in the trial courts. KRS 21.060; Kentucky Constitution, Section 110.

We need not, and do not, determine whether a voluntary dismissal as prescribed by CR 41.01(2) may be an appealable order within the contemplation of CR 54.01.

The appeal is dismissed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.

---

1. The order of dismissal made no reference to the counterclaim or the third-party claim by the Department of Highways.