**Mrs. Ethel RATLIFF, Movant,**

v.

**The FISCAL COURT OF CALDWELL COUNTY, KENTUCKY, etc., et al., Respondents.**

Supreme Court of Kentucky.

May 26, 1981.

J. Granville Clark, Russellville, for movant.

William G. McCaslin, Princeton, for respondents.

STEPHENS, Justice.

The principal issue before us is whether Kentucky's eminent domain act (KRS 416.-540–416.680) denies an appeal to the condemnee of the condemnor's right to take the property.

The City of Princeton and the Fiscal Court of Caldwell County, on behalf of the Electric Plant Board, filed an action in December of 1976 in the Caldwell Circuit Court to condemn certain land of the movant located within the city. The purpose of the taking was to expand the utility's existing electrical transmission system. Following the filing of the action, the condemnee placed in issue the condemnor's right to take the property. Voluminous proof was taken by both parties, including engineers and other expert witnesses.

The trial judge ruled that the proposed taking was for a public purpose and was proper within the meaning of the eminent domain statute. Based on the report of the commissioner, he entered an interlocutory judgment granting the condemnor the immediate right of possession and awarding $25,000 in damages. The condemnor took possession of the land and began construction of the transmission line. A jury trial, addressing solely the issue of damages, was held nearly 20 months later, and final judgment was entered by the trial judge. In that final judgment, the issue of the right to take was not addressed.

The condemnee attempted to appeal both from the interlocutory judgment with its disposition of the right to take and from the final judgment. The Court of Appeals affirmed the damage award and ruled that under the provisions of KRS, Chapter 416, there is no "indication, express or implied, that a right to appeal to the taking itself exists." The only question appealable was the question of damages. The opinion was based on the court's view of the statutory scheme and on its view of the nearly absolute right of the Commonwealth (or its designee) to condemn property through the process of eminent domain.

We granted discretionary review because we disagree with the Court of Appeals' interpretation of the eminent domain statute. In the past, we have taken the position that, under certain specific condemnation statutes, there is no appeal by the

condemnee on the question of the condemnor's right to take. See for example, *Cartmell v. Urban Renewal and Community Development Agency of the City of Maysville*, Ky., 432 S.W.2d 445 (1968). Both the movant and respondents agree that the statutory scheme does not permit an appeal by the condemnee of the condemnor's right to take. This being true, movant claims that the statute is unconstitutional because it violates the mandate of Sec. 115 of the Kentucky Constitution which guarantees at least one appeal. Appellee denies that Sec. 115 affects the statute. We are in the rather unique position of disagreeing with both parties' interpretation of this statute.

In 1976, the Kentucky General Assembly enacted a new condemnation statute, the Kentucky eminent domain act. KRS 416.-540–416.680. The purpose of the act was to set up a new and uniform condemnation procedure. A condemnor is defined as "any person, corporation or entity, including the Commonwealth of Kentucky, its agencies and departments, county municipality and taxing district authorized and empowered by law to exercise the right of eminent domain." KRS 416.540(2). The legislature also required all other condemnors to follow the procedure set out in the new act. See KRS 416.010 et seq.

The statute was enacted shortly after the voters of Kentucky approved the new Judicial Article. That article, which became effective January 1, 1976, includes Section 115, which is as follows:

Section 115. Right of Appeal—Procedure—In all cases, civil and criminal, *there shall be allowed as a matter of right at least one appeal to another court* .... (emphasis added).

 This specific, constitutional mandate, effectively extending the rights of litigants, must be interpreted in accordance with its plain meaning. *Stephens v. Goodenough*, Ky., 560 S.W.2d 556 (1977). In accordance with the theory of statutory construction, we believe that the general assembly was cognizant of the constitutional article when it enacted the new eminent domain act. *Cook v. Ward*, Ky., 381 S.W.2d

168 (1964). We are, when considering the constitutionality of a statute, obliged to give it, if possible, the interpretation which upholds its constitutional validity. *George v. Scent*, Ky., 346 S.W.2d 784 (1961).

We have no difficulty in concluding that the statute does indeed provide an appeal when a condemnee is dissatisfied with the trial court's ruling on the condemnor's right to take the property. This provision for an appeal becomes evident once the condemnation procedure is carefully examined.

A petition seeking condemnation is required to contain those allegations necessary to show that the petitioner is entitled to exercise the right of eminent domain. KRS 416.570(1). The condemnee's answer is "*confined solely to the question of the right of the petitioner to condemn the property....*" KRS 416.600 (emphasis added). The statute directs the condemnee to raise immediately (if at all) the issues of the right to take. If no such answer is filed, the trial court must enter an interlocutory judgment which authorizes the taking and grants the right of immediate possession upon payment of the commissioners' award. KRS 416.610(2). Any exceptions to such interlocutory judgment are to be confined to the amount of the award. KRS 416.-620(1).

If, however, the answer referred to in KRS 416.600 has been filed (putting in issue the right to take), the trial court must immediately determine the matter. Upon deciding that such right does exist in the condemnor, an interlocutory judgment is to be entered. Should the trial court rule that the condemnor does not have the right to condemn, the trial judge is directed to enter a final judgment. KRS 416.610(4). It can be seen that if the trial court rules in favor of the condemnors right to take, an "interlocutory" judgment is entered. If, however, the condemnor is adjudged not to have the right to take, a final judgment is made.

Within 30 days from the entry of the interlocutory judgment which, under KRS 416.620(1), has validated the right to take, a statement of exceptions may be filed. The

losing condemnee cannot, in those exceptions, challenge the provision of the judgment which authorizes the taking. KRS 416.620(1). The statute then permits an appeal from the final judgment of the circuit court. KRS 416.620(2). This refers to KRS 416.610(4), which directs the entry of a final judgment denying the right of the condemnor to take, *supra.* The statute says nothing expressly of a losing condemnee's right to appeal.

The statute provides, however, that upon 30 days from the entry of the interlocutory judgment (if no exceptions were filed) or upon final determination of the exceptions, the circuit court "shall enter such final judgment as may be appropriate." KRS 416.620(6).

It can readily be seen that there is no specific, unequivocal statutory provision that permits an immediate appeal from the trial court's ruling that a condemnor has the right to take, thus resulting in the right of immediate entry. KRS 416.610(4), *supra.* The trial court is, at that juncture, directed to enter an "interlocutory" judgment.

■ The condemnor can proceed to achieve whatever construction and/or destruction that was the purpose of the petition for condemnation. A possible remedy to prevent the immediate taking is set forth in *Stillpass v. Kenton County Airport Board, Inc.,* Ky., 403 S.W.2d 46 (1966). This may or may not be an adequate remedy as far as the condemnee is concerned. It certainly is not, however, as protective to the right of a condemnee as an immediate appeal, which preserves the status quo, and which, we believe, is demanded by Ky. Const., Sec. 115, the provisions of which were known by the 1976 General Assembly. While the word "interlocutory" normally implies a non-appealable order, such an order (no matter what it is called) can be appealed if a matter is finally litigated by the judgment, or if it operates to divest some right in such manner as to put it out of the power of the court to place the parties in their original condition. *Commonwealth et al. ex rel. Reeves v. Unknown Heirs of Brown,* Ky., 249 S.W.2d 52 (1952). See also, CR 54.02.

We believe that if the right of immediate possession (and all that such implies) is exercised, in many instances, even if an appellate court later reverses the trial court's determination of the condemnor's right to take, that the condemnee cannot be returned to his same position. For example, see the *Cartmell* cases, supra. Moreover, if the mandated appeal is made after the taking, the *condemnor* could easily suffer by a condemnee's action in "laying under the log" and allowing excessive damages to accrue, prior to appeal.

■ The balancing of the equities of condemnor and the private citizen whose property can be taken is not an easy one. Certainly, the new eminent domain statute is, putting it kindly, inartfully drawn. However, prominent in the foreground, and tipping the scales, is the mandated appeal set out in Ky.Const., Sec. 115, *supra.* We believe that the provisions of KRS 416.610(4) referring to an interlocutory judgment because of the above reason, allows an immediate, expedited appeal, by the condemnee of the question of the condemnor's right to take. There is no doubt but that a losing condemnor has this right also.

■ In the instant case, the condemnee made no effort to use the procedure set out in *Stillpass,* and apparently made no effort to have the final judgment of the trial court address the right of the condemnor to take her property. However, we have reviewed the testimony before the trial court concerning the right to take and, although there is some conflict, it is very clear that the selection of the route of the transmission lines and the purpose for which they were built is for a public use and is therefore proper and well within the power of the condemnor. Ky.Const., Sec. 242; KRS 416.540 et seq.

The decision of the Court of Appeals with respect to movant's right to appeal the right to take is reversed, but the trial court's decision on the merits is affirmed.

All concur, except CLAYTON, J., who did not sit.