**Doyle D. HAGG and Norine K. Hagg, his wife, and Capital Federal Savings and Loan Association, a Corporation, Frankfort, Kentucky, Mortgagee, Appellants,**

v.

**KENTUCKY UTILITIES COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1983.

Joseph J. Leary, Frankfort, for appellants.

Sam G. McNamara, Frankfort, Leslie W. Morris, II, Stoll, Keenon & Park, Lexington, for appellee.

Before WILHOIT, HOWARD and LESTER, JJ.

## OPINION AND ORDER

WILHOIT, Judge.

This case is before the Court on motion of the appellee to dismiss the appeal of Doyle D. Hagg and Norine K. Hagg. The appellee maintains that the appeal was taken from a non-appealable order and was untimely as to the only appealable judgment and order entered below.

On October 5, 1983, Mr. and Mrs. Hagg filed a notice of appeal, appealing "from the Judgment entered herein on October 5, 1983." The record reveals that on that date no judgment of the trial court had been entered; however, an order of the court denying Mr. and Mrs. Hagg's motion to set aside an interlocutory judgment which had been entered on August 3, 1983, had been entered on October 5. To determine if this order is appealable, we must first review the procedural history of this case.

The judgment entered on August 3 was an "interlocutory judgment" made pursuant to KRS 416.610. It adjudged that the appellee had the right to condemn an easement across Mr. and Mrs. Hagg's land for the purpose of constructing and maintaining electricity transmission lines and authorized the appellee to take possession of the easement. The Supreme Court has recently held that such a judgment, although denominated by the statute as "interlocutory," is appealable. *See Ratliff v. Fiscal Court of Caldwell County*, Ky., 617 S.W.2d 36 (1981). In fact, the Court held that a condemnee's right to immediately appeal such a judgment "is demanded by Ky.Const., Sec. 115." *Id.* at 39. Although the judgment did not recite that "there is no just reason for delay" as required by CR 54.02 in actions involving multiple claims, that Rule, if it might otherwise be applicable, would seem to have no application here in light of *Ratliff*. Simply put, the judgment referred to in KRS 416.610 as an "interlocutory judgment," was final and appealable as to the issue of the right to condemn and the right to immediate entry.

No relief was sought pursuant to CR 59 within ten days after entry of the judgment. *See* CR 59.02 and 59.05. No notice of appeal from this judgment was filed within thirty days after entry of the judgment, *see* CR 73.02(1)(a), or has been filed since. On September 7, 1983, however, Mr. and Mrs. Hagg moved the trial court to grant them until September 16 "to file exceptions" to the August 3 judgment and to extend the time for appealing the judgment by ten days because they had failed to learn of entry of the judgment until September 6. This motion was granted on the day it was filed. On September 15, 1983, the Haggs filed a motion to set aside the judgment.

The order denying this motion is that which was entered on October 5.

Assuming that the trial court had authority to grant an extension of the thirty-day period for filing exceptions to the judgment entered on August 3, it is clear that those exceptions could not raise any question concerning the right of the appellee to condemn the appellants' land. *See* KRS 416.-620. Nevertheless, the motion to set aside the judgment sought to raise the appellee's right to condemn the easement described in the condemnation petition. Plainly, this motion did not constitute "exceptions" as permitted by KRS 416.620 but was in reality what it was denominated, a "motion to set aside" or vacate a judgment under CR 59.05. Unfortunately, the time for making such a motion had long since expired when the motion was made and the trial court was powerless to enlarge that time. CR 59.05; CR 6.02; *Arnett v. Kennard,* Ky., 580 S.W.2d 495 (1979). For that reason, aside from any other, the court properly denied the motion.

Of course, an order denying relief under CR 59.05 is not appealable, *Marshall v. City of Paducah,* Ky.App., 618 S.W.2d 433 (1981), and the time for taking an appeal from the judgment of August 3 has passed.

Therefore, the Court ORDERS that the motion to dismiss be, and it is hereby, GRANTED, and this appeal is hereby DISMISSED. Appellants' motion for intermediate relief is hereby DENIED AS MOOT.

All concur.