Charles L. HAMILTON, Executor of the Estate of Ben Frank Robards, Deceased, Appellant,

v.

COMMONWEALTH of Kentucky TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellee.

No. 89–SC–877–DG.

Supreme Court of Kentucky.

Nov. 29, 1990.

Norman R. Lemme, Alan D. Twisselman, Shepherdsville, for appellant.

Marvin M. Sotsky, Stanley W. Whetzel, Jr., Taustine, Post, Sotsky, Berman, Fineman & Kohn, John H. Davis, Jr., Transp. Cabinet, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which vacated an order of the circuit court concerning the property description of an interlocutory condemnation judgment and remanded the case back to the circuit court with directions that the motion for leave to amend be granted.

The principal issue is whether the Commonwealth is entitled to amend its petition and whether an amended interlocutory judgment should be entered. Other procedural questions raised by the condemnation action are whether a nonparty can be substituted to an appeal by motion; and whether the parties should be granted leave to amend their exceptions to the Commissioner's findings.

In 1983, the circuit court entered an interlocutory order and judgment pursuant to K.R.S. 416.610(2) holding that the Commonwealth had the right to condemn certain described real property owned by Ben Frank Robards. Both sides objected to the award of the Commissioners of $110,000, but neither contested the Commonwealth's right to take the subject real property. The Commonwealth paid the amount of the Commissioners' award into court; Robards withdrew the amount of the award and the highway project was completed.

In 1987, the Commonwealth determined that it took only 3.895 acres, not the 4.884 acres described in the interlocutory judgment. Consequently, the Commonwealth moved, pursuant to Civil Rule 15.01 for leave to amend its petition and for an order entering an amended interlocutory judgment. Robards objected, claiming the earlier interlocutory judgment was final as to this issue and could not be appealed, altered or collaterally attacked. The circuit court denied the Commonwealth motion for amendment. The Court of Appeals vacated the circuit court's order and held that the Commonwealth's request to amend the interlocutory judgment should be granted along with leave to each party to amend its exceptions. The Court of Appeals reasoned that the interlocutory judgment related only to the right to condemn and enter the property and that the amount of acreage actually taken is a subissue of the yet to be determined question of just compensation. This appeal followed.

CR 15.01 provides in pertinent part that a party may amend a pleading by leave of court and that such leave shall be freely given when justice so requires. We agree with the Court of Appeals that leave to amend the petition pursuant to the rule should be granted. The condemning authority should not have to pay for more land than it actually took. The correct description and amount of acreage is essential in determining the fair compensation to be paid by the state to the owner of the property condemned. Clearly, justice requires the granting of the leave to amend. Refusal to grant the motion was an abuse of discretion. The original description of the property condemned is alleged to have included not only the property taken from Robards but also a parcel of land owned by another person which the state had already

acquired. The substitute description simply deletes the parcel which the Commonwealth had already acquired from the other party. The substitute description proposed by the Commonwealth does not include any more of the Robards tract nor does it contain any property lying outside the boundaries recited in the interlocutory judgment. The amendment does not have any effect on the right to condemn and the right of immediate entry.

■ Upon a proper motion, leave to amend exceptions to the Commissioners' award should also be granted to each party because the award was based on the land that was to be taken as originally described. Ultimately, the amount of fair compensation will have to be determined by a jury based on an accurate legal description of the total amount of real property actually condemned. Commissioners must be reappointed to reconsider the before and after value based on the revised acreage because the original Commissioners' award was based on inaccurate acreage as contained in the Commonwealth's petition.

There were other unique circumstances to be considered in this matter because the Commonwealth asserts that the additional property which it mistakenly sought to acquire was already owned by the Commonwealth. There is no evidence of bad faith by the Commonwealth only carelessness in the preparation of the legal description. The property owner is not entitled to a windfall simply because the condemning authority makes a mistake in the property to be taken when the property owner does not actually own the excess property which is subject to the error. The "right to take" issue can be separated from the property description because the latter is essentially related to the compensation question. The interlocutory judgment is final only as to the right to take and enter.

One of the other issues raised relates to a procedural point not discussed in the Court of Appeals decision. This involves the fact that Ben Frank Robards, the title holder, died while his motion to dismiss the Commonwealth's appeal was pending in the Court of Appeals. Thereafter, the Commonwealth moved to substitute Charles L. Hamilton, executor, and mailed a notice of the motion to substitute to Hamilton and Robards' former attorneys who now represent Hamilton in this case. The attorneys claim that their duty to represent Robards ceased at death and that they were not representing Hamilton when the notice was sent. Hamilton admitted that he received the notice but takes the legal position that it was mailed first class rather than served personally or by certified mail as directed by CR 25.01, and consequently he is not properly before the court. He contends the Court of Appeals had no personal jurisdiction over him and asked this Court to resolve the apparent conflict between Civil Rule 25.01 which indicates personal service pursuant to CR 4, and CR 76.24, which merely states that when necessary to a proper disposition to a case, parties may be substituted on motion. It should be noted that CR 76.24, revised September 15, 1990, now addresses in detail the substitution of parties on appeal. Subsection (a) pertains to substitution due to the death of a party and requires service in accordance with the provisions of CR 25.01. In view of the fact that we are remanding this matter to the trial court, we believe that a proper substitution of parties should be undertaken pursuant to the current rule.

We hold that *Ratliff v. Fiscal Court of Caldwell County*, Ky., 617 S.W.2d 36 (1981), does not prohibit the amendment of an interlocutory judgment in this case. The issue to be amended deals with compensation and this issue has yet to be tried.

The decision of the Court of Appeals is affirmed and the order of the circuit court denying a motion to file an amended petition and enter a supplemental interlocutory judgment is vacated. This matter is remanded to the circuit court for further proceedings consistent with this opinion.

STEPHENS, C.J., and COMBS, GANT, LAMBERT and VANCE, JJ., concur.

ANN B. OLDFATHER, Special Justice, files a separate opinion concurring in result only.

ANN B. OLDFATHER, Special Justice, concurring in result.

While I agree that leave to amend should be freely granted, CR 15.01, there is a

difference between an ongoing case and one, such as this, where the amendment effects an issue foreclosed by a final judgment for which all appeal times have lapsed. This Court determined in *Ratliff v. Fiscal Court*, Ky., 617 S.W.2d 36 (1981) that the interlocutory judgment entered pursuant to KRS 416.610 shall be final and, hence, immediately appealable by the condemnee, as it was immediately appealable by the condemnor pursuant to statute. That being the case, any interlocutory judgment in a condemnation order, if not appealed, is final and not subject to further modification by amendment of pleadings. Accordingly, the Commonwealth may not come back and declare that it actually wants less of a condemnee's property, nor may it obviously claim more of a condemnee's property, after the right to take issue has been determined. This is so since the right to take necessarily encompasses an accurate description of the property to be condemned. In *Hagg v. Kentucky Utilities*, Ky.App., 660 S.W.2d 680 (1983), condemnees were precluded from raising questions of access on the compensation portion of the case; it was held that access related to the right to take and that issue had been foreclosed by entry of the non-appealed interlocutory judgment on the right-to-take issue. Were it not for the fact that the Commonwealth here excepted to the commissioners' award, I would have no problem concluding that it may not now come back and attempt to correct the description of the property taken, especially since the Commonwealth is required to file a "particular description" of the property sought to be condemned in its verified petition for condemnation, KRS 416.570.

However, a description of the property *also* related to the issue of compensation, a matter which remains before the trial court after the interlocutory judgment on the right to take. Any party who has filed an exception to the compensation award is granted the permission to amend those exceptions, KRS 416.620(1). It is by amendment under that statute that the Commonwealth could put into question the exact amount of property involved. Obviously,

the Commonwealth can only amend exceptions which it has already taken. And exceptions must be taken in a timely fashion, *id.*

In sum, the Commonwealth should not be allowed to amend its petition in an action where a final judgment, albeit denominated interlocutory, has already been entered on the right to take. If the Commonwealth has taken exceptions to the Commissioners' award, as it did here, the Commonwealth may amend its exceptions to bring into issue the exact amount of property involved. It should be emphasized that the Commonwealth cannot take less of the condemnee's land than it had originally set out to take. However, an issue can clearly be raised, if it has been preserved by timely exceptions, as to the precise amount of land which has been taken from the condemnee.