COMMONWEALTH of Kentucky, Transportation Cabinet, Department of Highways, Appellant,

v.

Paul COOKSEY and Ruth Cooksey, Appellees.

No. 96–CA–1636–MR.

Court of Appeals of Kentucky.

July 3, 1997.

Ann Myre, Paducah, for appellant.

E. Frederick Straub, Jr., Paducah, for appellee.

Before BUCKINGHAM, COMBS and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge:

This appeal involves a condemnation case under KRS 416.540, et seq. and the scope of the trial on the exceptions to the interlocutory judgment. The property owners' answer contained a counterclaim for damages for bad faith negotiations, and the trial court attempted to address the issue of the exceptions in the jury trial.

The appellant filed suit on July 20, 1995 to condemn a portion of the appellees' (Cookseys) property in McCracken County, for the alteration or relocation of U.S. 60. The answer filed admits the appellant's right to condemn (paragraph 1) except when used in bad faith, at which time it should be denied (paragraph 3). The counterclaim alleges appellant committed "[u]nfair, false, misleading and/or deceptive acts or practices during the course of negotiations ..." (paragraph 3), and prays for modification of the taking order and a jury trial for damages for just compensation *and* the bad faith, *and* punitive damages.

On May 13, 1996, the circuit court entered an interlocutory judgment with a finding that the appellant has the right to condemn the property, etc. (in accordance with KRS 416.610(4)). The court continued the cause for the filing of exceptions (KRS 416.610(3)) for the amount of compensation for the taking, *and* for the amount of damages for bad faith, if such is shown in a bifurcated trial. The appellant appeals, contending the court erred in not disposing of all claims concerning the right to take before

the jury trial aspect of the case and in allowing a claim for additional damages to go to the jury (i.e. bad faith claim). We agree.

KRS 416.540, et seq., known as the "Eminent Domain Act Of Kentucky (1976)" sets forth a statutory scheme for the Commonwealth to exercise its right to take property for a public use. Kentucky Constitution Sections 1, 13, and 242. Eminent domain cases have two considerations, the right to take for a public use and just compensation. KRS 416.570. Questions concerning the right to take for a public purpose are to be decided by the circuit court. KRS 416.600 and KRS 416.610(4). Questions concerning compensation are decided by a statutory dispute resolution process whereby three commissioners are appointed (KRS 416.580) to determine compensation for the taking, with an appeal, by way of exceptions to the interlocutory judgment, to a jury (KRS 416.610(3)). KRS 416.610(3) is very clear that the only issue before the jury is "[t]he amount of compensation awarded by the commissioners," and this step is to follow the judge's rulings on the right of the appellant to condemn for a public use. *Id.* at (4).

■ Clearly the statutory scheme makes no provisions for the jury to consider bad faith or fraud. Any allegation of bad faith or fraud would necessarily have to come before the judge who would decide if it affects the appellant's right to take. *See* KRS 416.600; KRS 416.610(4). Bad faith or fraud is not a statutory ground for denying the right to take. Courts, however, "[n]ecessarily imply the exercise of good faith by governmental authority in using its power to condemn . . . ." *City of Bowling Green v. Cooksey*, Ky.App., 858 S.W.2d 190, 192 (1992); *Commonwealth, Transportation Cabinet Dept. of Highways v. Taub*, Ky., 766 S.W.2d 49 (1988). A court will deny the right to take only where there has been "[a] gross abuse or manifest fraud." *Kroger Co. v. Louisville & Jefferson County Air Bd.*, Ky., 308 S.W.2d 435, 439 (1957). If the fraud affects the appellant's right to take, KRS 416.610(4) requires the court to enter a final judgment finding the petitioner is not authorized to condemn the property and award costs to the property owners.

There are no statutory provisions or other authority: for allowing the taking but limiting damages to monetary sums; for bifurcation of the jury trial; or for deciding if fraud exists in the negotiations if the jury award exceeds the commissioners' recommendation. *See generally, Decker v. City of Somerset*, Ky.App., 838 S.W.2d 417 (1992), and *Hamilton v. Commonwealth of Kentucky, Transportation Cabinet Dept. of Highways*, Ky., 799 S.W.2d 39 (1990), (each addressing good faith as it relates to the Commonwealth's decision to condemn); and *Lake Village Water Association, Inc. v. Sorrell*, Ky.App., 815 S.W.2d 418 (1991), (addressing the duty to conduct condemnation litigation in good faith.) There is a statutory provision for interest in the event a jury awards more than the commissioners. KRS 416.620(5).

For the foregoing reasons, the interlocutory judgment of the McCracken Circuit Court is vacated and the matter remanded for proceedings consistent with this opinion.

COMBS, J., concurs.

BUCKINGHAM, J., concurs in part and dissents in part by separate opinion.

BUCKINGHAM, Judge, concurring in part and dissenting in part.

I believe that this appeal should be dismissed pursuant to CR 54.02(1) as an appeal from a nonfinal judgment. An appeal ordinarily may not be taken from an interlocutory order or judgment. *Stice v. Leonard*, Ky., 420 S.W.2d 672, 674 (1967). However, pursuant to *Ratliff v. Fiscal Court of Caldwell County*, Ky., 617 S.W.2d 36 (1981), a condemnee may appeal from the entry of an interlocutory judgment giving the condemnor the right to condemn since the judgment divests the condemnee of his right to possess his property in such manner as to put it out of the power of the court to replace the parties to their original condition. *Id.* at 39. The *Ratliff* case provides an exception to the general rule that no appeal may be taken from an interlocutory judgment, and there is no similar compelling reason to create another exception and allow the condemnor in this case to appeal from the entry of such a

judgment. In my opinion, the *Ratliff* case is limited to its specific facts.

Nevertheless, I agree with the majority that the issue of good faith negotiations by the Transportation Cabinet must first be determined before a judgment may be entered concerning its right to condemn. The right to condemn is a statutory right conferred by KRS 416.550, which provides in relevant part that "[w]henever any condemnor cannot, by agreement with the owner thereof, acquire the property right, ... the condemnor may condemn such property...." The condemnor must exercise good faith in using its power to condemn, even though the statute does not explicitly so provide. *City of Bowling Green v. Cooksey,* Ky.App., 858 S.W.2d 190, 192 (1992). This good faith requirement includes negotiating in good faith prior to initiating condemnation proceedings in the circuit court. *See* 21 A.L.R.4th 765 (1983), for a discussion of this issue.

I also agree with the majority that there is no separate cause of action against the Transportation Cabinet for damages for bad faith in negotiating an agreement with the property owner, other than the recovery of attorney's fees if bad faith is shown. *Commonwealth, Dept. of Transp. v. Knieriem,* Ky., 707 S.W.2d 340, 341 (1986).