BRIDGESTONE/FIRESTONE d/b/a
Firestone Industrial Products
Company, Appellant,

v.

Jamye McQUEEN, Appellee.

No. 1998–CA–001111–MR.

Court of Appeals of Kentucky.

July 23, 1999.

Reconsideration Denied Oct. 20, 1999.

Bradford L. Breeding, Corbin, John T. Lovett David L. Hoskins, Louisville, for Appellant.

Marcia A. Smith, David O. Smith, Corbin, for Appellee.

Before: COMBS, EMBERTON, and McANULTY, Judges.

*OPINION AND ORDER*

Bridgestone/Firestone, Inc. d/b/a Firestone Industrial Products Company ("Firestone") has filed this appeal from an order of the Whitley Circuit Court refusing to stay litigation and denying a motion to compel arbitration. After careful review and consideration, we grant the appellee's motion to dismiss the appeal.

This action was initiated by Jamye McQueen, the appellee, claiming that she had been wrongfully discharged from her employment with Firestone. Firestone answered McQueen's complaint on November 10, 1997. The company denied McQueen's allegations and otherwise defended against the action. Thereafter, both parties proceeded with discovery.

On January 10, 1998, Firestone moved to amend its answer to include as an additional affirmative defense, the existence of an agreement to arbitrate claims found in its "Employee Dispute Resolution Plan."

By agreed order, the motion was granted and the amended answer was filed on February 2, 1998.

On March 30, 1998, Firestone filed a motion to stay the litigation and to compel mediation and arbitration.[1] McQueen filed a verified response, in which she denied that she had ever agreed to the terms of the "Employee Dispute Resolution Plan." On April 9, 1998, the trial court denied the motion and ruled that the "Plan" amounted to a contract of adhesion supported by inadequate consideration. Firestone's notice of appeal pursuant to Kentucky Rules of Civil Procedure (CR) 73.02 followed.

On appeal, Firestone argues that the trial court erred by failing to compel McQueen to honor her agreement to pursue any claim against the company through arbitration. In her brief to this court, McQueen counters that the alleged agreement to arbitrate is unenforceable against her for a myriad of reasons and consequently has filed a motion to dismiss the appeal.

■ In her motion, McQueen notes that this appeal arises from an interlocutory order of the trial court. She maintains that no applicable rule or statutory provision entitles Firestone to immediate review in this court. Firestone, on the other hand, contends that provisions of both the Uniform Arbitration Act (KRS 417.220(1)(a)) and the Federal Arbitration Act (9 U.S.C. § 16) permit an immediate appeal of an order refusing a stay of the proceedings or a denial of a petition to order arbitration.

■ In 1984, the Commonwealth of Kentucky adopted the Uniform Arbitration Act set forth at KRS Chapter 417. As Firestone notes, the Act expressly provides for appeals from an order denying an application to compel arbitration—even though such an order is not final under CR 54.01. KRS 417.220(1)(a). However, the Act also *specifically excludes* from its provisions *arbitration agreements between employers and employees.* As a result, McQueen argues, the appeal of this interlocutory order is not governed by the Act. We agree.[2]

In cases involving agreements pre-dating the Act, the Kentucky Supreme Court has permitted litigants to seek appellate review of interlocutory orders denying arbitration. *Kodak Mining Co. v. Carrs Fork Corp.*, Ky., 669 S.W.2d 917 (1984). By availing themselves of the extraordinary provisions of CR 65.07, litigants have avoided the general rule that only a final decision may be taken on appeal. Upon a showing of the abrogation of a concrete personal right and of irreparable harm as defined in CR 65.04, CR 65.07 allows for a streamlined and expedited disposition of certain matters appropriate for injunctive relief—followed by an opportunity for immediate review by the Kentucky Supreme Court under CR 65.09.

■ This type of appellate mechanism is particularly appropriate in a case involving denial of an application to compel arbitration. The relevance of arbitration and the right to invoke it would be rendered essentially meaningless or moot if a party were required to go first through the time and expense of litigation being then entitled to appellate review—which may or may not determine that arbitration should indeed have been granted in lieu of litigation. In reviewing appeals from the denial of a motion to stay proceedings and to compel arbitration, federal courts and other state courts treat them as analogous to appeals from the denial of an injunction. *See J & K Cement Const., Inc. v. Montalbano Builders, Inc.*, 119 Ill.App.3d 663, 75 Ill. Dec. 68, 456 N.E.2d 889 (1983); *Kansas*

---

1. This was the first assertion that the cause should be submitted for arbitration. Considerable discovery had already been completed.

2. The provisions of the federal Act do not preempt Kentucky's procedure for obtaining an immediate review of an order denying the application for arbitration.

*Gas and Elec. Co. v. Westinghouse Elec. Corp.,* 861 F.2d 420 (4th Cir.1988).[3]

■ Through the expansion of CR 65.07, Kentucky has established a mechanism through which an immediate appeal of an order refusing a stay of litigation pending arbitration or an order denying a motion to compel arbitration may be taken. Except for that extraordinary provision, we are unaware of any rule or statute which would suspend the general rule that only a final decision may be taken on appeal. Since the method employed by Firestone to invoke the jurisdiction of this court with respect to an interlocutory order does not meet the limited criteria spe-cifically authorized by our Supreme Court, we are compelled to dismiss this appeal.

The appeal is hereby ORDERED dismissed.

/s/ Sara Combs
Judge, Kentucky Court of Appeals

ENTERED: July 23, 1999

ALL CONCUR.

---

**3.** We are bound to interpret the Act so as to make it consistent with the law of other states which have enacted it. KRS 417.240; *Valley*

*Const. v. Perry Host Management,* Ky., 796 S.W.2d 365 (1990).