**BOARD OF REGENTS OF WESTERN KENTUCKY UNIVERSITY,**
Movant,

v.

**Randall Bennett CLARK, et al., Respondents.**

No. 2008–SC–000435–I.

Supreme Court of Kentucky.

Jan. 22, 2009.

*OPINION AND ORDER*

The Board of Regents of Western Kentucky University (hereinafter WKU) has moved this Court pursuant to CR 65.09 to vacate a June 10, 2008 order of the Court of Appeals denying WKU's request to dismiss Randall Bennett Clark's appeal. The ultimate issue in this case is whether Clark, in appealing the trial court's interlocutory judgment in a condemnation action awarding WKU possession of his property by eminent domain, must pursue interlocutory relief pursuant to CR 65.07, or whether he may proceed under the ordinary appellate process outlined in CR 73.02. Agreeing with Clark that his appeal under CR 73.02 was proper and that the Court of Appeals did not err in refusing to dismiss it, we deny WKU's request for interlocutory relief.

## RELEVANT FACTS

In this condemnation action, WKU seeks possession of a certain tract of Clark's property for construction of a teacher-education building. After finding that WKU met the requirements necessary to justify taking Clark's property by eminent domain, the Warren Circuit Court entered an interlocutory judgment on March 4, 2008, awarding Clark's property to WKU and granting compensation to Clark in the amount of $204,500. This order also stated that the judgment

> is continued for the filing of exceptions, pursuant to KRS 416.620(1), and if none are filed within thirty (30) days, this interlocutory judgment shall become final in all respects without further notice or order.

Twenty days later, on March 24, 2008, Clark filed a notice of appeal under CR 73.02 in order to challenge the trial court's findings of fact and conclusions of law. In response, WKU filed a motion to dismiss Clark's appeal, arguing that Clark should have sought interlocutory relief pursuant to CR 65.07 and his appeal under CR 73.02 was improper. Alternatively, WKU asked the Court of Appeals to advance Clark's appeal if the court did not dismiss it. In the meantime the trial court's order became final when no exceptions were filed within the thirty-day period.

On June 10, 2008, the Court of Appeals granted WKU's request to expedite Clark's appeal, but summarily denied WKU's motion to dismiss. Clark's appeal of the trial court's ruling is therefore still pending at the Court of Appeals. On interlocutory appeal to this Court, WKU now argues that the Court of Appeals abused its discretion in denying its motion to dismiss, and that such abuse constitutes extraordinary cause justifying interlocutory relief. We disagree. There is no authority to support WKU's contention that condemnees appealing a condemnation award must proceed under CR 65.07. Furthermore, prior rulings from this Court support the conclusion that an appellate court is not required to dismiss a CR 73.02 appeal that is filed prematurely, *i.e.*, before the interlocutory judgment becomes final. Therefore, no extraordinary cause exists to warrant reversing the Court of Appeals' decision.

## ANALYSIS

WKU's argument focuses on the basic proposition that CR 73.02 applies to appeals from a final order, while CR 65.07 applies to appeals from an interlocutory, non-final order. Condemnation awards, however, do not fit neatly into either of these categories. In this case, the trial court's order granting possession of the disputed property to WKU was an interlocutory judgment, but it automatically would become final thirty days later if no party filed exceptions challenging the condemnee's monetary award.[1] KRS 416.620(1). Clark did not file exceptions to his compensation award; rather, he filed an appeal pursuant to CR 73.02 within twenty days of the trial court's entry of the interlocutory judgment challenging the trial court's finding that WKU had the right to take the disputed property. Although WKU is correct that this interlocutory judgment was technically not final at the time of Clark's CR 73.02 appeal, we none-

---

1. KRS 416.620(1) allows either party to file exceptions challenging the trial court's monetary award. However, this statute specifically prohibits the owner of the condemned property from including in his statement of exceptions a challenge to the trial court's finding that the condemnor has the right to take the property. KRS 416.620(1) (stating that "the owner shall not be permitted to raise any question, nor shall the court reconsider any question so raised, concerning the right of the petitioner to condemn the property").

theless find that his appeal was not subject to an automatic dismissal and that the Court of Appeals was correct in denying WKU's motion to dismiss.

In *Johnson v. Smith,* 885 S.W.2d 944 (Ky.1994), this Court explained that in some cases, a CR 73.02 notice of appeal is permissible even when it is filed before the trial court's judgment technically becomes final. In that declaratory judgment action, several different parties challenged an *inter vivos* trust. *Id.* at 945. Following the trial court's entry of its final order, several parties filed notices of appeal pursuant to CR 73.02, while one party filed a CR 59 motion for a new trial or to alter or amend the judgment. *Id.* Because a judgment is not technically final and appealable until the CR 59 motion is decided, the main question on appeal in *Johnson* was whether the CR 73.02 notices of appeal were proper even though they were filed before the trial court ruled on the CR 59 motion.

In adopting the substantial compliance rule set forth in *FirsTier Mtge. v. Investors Mtge. Ins. Co.,* 498 U.S. 269, 275, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), this Court held that

> these movants' [CR 73.02] notices of appeal were not fatally defective simply because they were filed before the trial court ruled on a [CR 59] post-judgment motion made by other parties. The notices of appeal filed forthwith relate forward to the time when final judgment was entered disposing of post-judgment motions made by others. There is no rule, and no sound judicial policy, forbidding such construction.

885 S.W.2d at 950. To support this conclusion, the Court reasoned that despite the premature nature of these notices, they nonetheless "put appellees on notice of the intent to appeal *before* expiration of the thirty day time limit in CR 73.02(1)(a), and thus served the essential purpose of the rule." *Id.* at 949 (emphasis in text). Furthermore, this Court noted that the particular circumstances of the *Johnson* case—where a litigant could have mistakenly believed that a final judgment had been entered and where the trial court's nonfinal order would be appealable if followed by the formal entry of judgment—suggested that it would not be unreasonable to file a notice of appeal prematurely.[2]

This Court's reasoning in *Johnson, supra,* is also applicable in the case at hand. Here, Clark's premature notice of appeal nonetheless provided adequate notice to WKU within the thirty-day time period set forth in CR 73.02(1)(a) of his intention to appeal the trial court's condemnation finding. In addition, based on the facts of this case, it was not unreasonable for Clark to file his notice of appeal prematurely: the parties had already litigated the contested issues and were simply waiting for the expiration of the thirty-day period for the filing of exceptions to the monetary award at which time the judgment would be final. Therefore, we hold that as in *Johnson, supra,* Clark's notice of appeal can relate forward to the time when the trial court's interlocutory judgment became final and can be properly heard and decided by the Court of Appeals.

In arguing that Clark's only avenue for appeal is through CR 65.07, WKU relies on this Court's ruling in *Ratliff v. Fiscal Court of Caldwell County,* 617 S.W.2d 36 (Ky.1981), and the Court of Appeals' ruling in *Bridgestone/Firestone v. McQueen,* 3 S.W.3d 366 (Ky.App.1999). In *Ratliff, su-*

---

**2.** This Court did note, however, that a premature notice of appeal under CR 73.02 would not be appropriate "from a clearly interlocutory decision—such as a discovery ruling or a sanction order." *Johnson,* 885 S.W.2d at 950, n. 1, *quoting FirsTier Mtge.,* 498 U.S. at 276, 111 S.Ct. 648.

*pra*, this Court established that a party adversely affected by a trial court's condemnation ruling has the right to an "immediate, expedited appeal." *Ratliff*, 617 S.W.2d at 39. However, *Ratliff* did not specify what appellate procedure should be used to exercise this right; it merely acknowledged that such a right existed. *Id.* Thus, *Ratliff* does not support WKU's contention that condemnees appealing a trial court's property award must proceed under CR 65.07 in bringing their appeal.

Furthermore, *Bridgestone, supra*, is distinguishable from the facts of this case because it involves a purely interlocutory order. In *Bridgestone*, 3 S.W.3d at 367, Firestone filed a CR 73.02 appeal to challenge the trial court's denial of its motion to stay litigation and compel arbitration. In dismissing Firestone's CR 73.02 appeal, the Court of Appeals held that because an arbitration ruling involved a purely interlocutory order and one that would be rendered meaningless without the opportunity for interlocutory relief, Firestone's only avenue for appeal was pursuant to CR 65.07. *Id.* at 367–368. In the current case, however, the trial court's judgment is more final in nature than interlocutory: the parties had already litigated the disputed issue, *i.e.*, whether WKU could take Clark's property; the trial court had already entered its findings of facts and conclusions of law; and the parties were simply waiting for the thirty-day "exceptions" period to expire so the judgment would be final. Because Clark's appeal in this case is not purely interlocutory, *Bridgestone, supra*, also does not support WKU's argument that CR 65.07 is Clark's only method of relief.

This Court can grant interlocutory relief from an order of the Court of Appeals if the movant demonstrates "extraordinary cause." CR 65.09. We have held that "abuses of discretion by the courts below

can supply such cause." *National Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77, 84 (Ky.2001). Having found that under Kentucky case law Clark was not required to bring his appeal under CR 65.07 and Clark's prematurely filed appeal pursuant to CR 73.02 is permissible, no extraordinary cause exists in this case warranting a reversal of the Court of Appeals' decision.

**CONCLUSION**

A condemnee challenging a trial court's finding of the condemnor's right to take may appeal pursuant to CR 73.02. Even though the order from which Clark appealed was technically interlocutory and nonfinal, the trial court had already ruled on the ultimate issue of WKU's right to take and other than the running of the 30-day time period for exceptions to the monetary award, nothing prevented the judgment from becoming final. Thus, we find that Clark's premature CR 73.02 appeal is proper and that the Court of Appeals did not abuse its discretion when it refused to dismiss it. Having determined that there is no extraordinary cause present to justify reversing the Court of Appeals, we deny WKU's request for interlocutory relief.

Therefore, it is hereby ordered that the request for Interlocutory Relief is hereby DENIED.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, SCOTT, and VENTERS, JJ., concur. MINTON, C.J., not sitting.

ENTERED: January 22, 2009.

/s/ Will T. Scott
Deputy Chief Justice