RENDERED:  JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0227-MR

ERIN D. THORPE                                                    APPELLANT

v.
APPEAL FROM LEE CIRCUIT COURT
HONORABLE MICHAEL DEAN, JUDGE
ACTION NO. 24-CI-00030

AARON THORPE; CYNTHIA
THORPE; AND DYLAN THORPE                                          APPELLEES

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

CETRULO, JUDGE:  Appellant/mother, Erin D. Thorpe ("Desiree"), appeals the

order of the Lee Circuit Court granting *de facto* custodian status to her parents,

Aaron Thorpe and Cynthia Thorpe ("Aaron and Cynthia"), concerning her minor

child, M.T.  The order on appeal followed a hearing (conducted over three days) as

to whether Aaron and Cynthia qualified as *de facto* custodians under Kentucky

Revised Statute ("KRS") 403.270. Throughout the proceedings, the Domestic Relations Commissioner ("DRC"), who conducted the hearing, made it clear that he was only hearing evidence on the issue of whether Aaron and Cynthia qualified as *de facto* custodians. If they did not, they would not be able to proceed with their petition for custody. On September 30, 2024, the DRC filed his findings of fact, conclusions of law, and recommended order. On December 16, 2024, the circuit court adopted those findings and conclusions and ordered that Aaron and Cynthia did qualify as *de facto* custodians. That order did not contain any ruling as to custody. Thus, M.T., who was in the custody of Desiree at that time, remained with her. The order contained language under Kentucky Rule of Civil Procedure ("CR") 54.02 that it was a "final and appealable order, with no just cause for delay."

Desiree moved to amend under CR 59.05, which was denied, and this appeal followed. On appeal, Desiree argues that the circuit court erred in finding that her parents were *de facto* custodians and that she abdicated the role of primary caregiver and financial supporter of M.T. She further argues that the circuit court's finding of *de facto* standing erroneously aggregated the time period required for one to seek *de facto* custody under KRS 403.270.

For their response, Aaron and Cynthia assert that the circuit court's findings were supported by substantial evidence and were not clearly erroneous.

Further, they argue that the order on appeal was not a final and appealable decision and subject to appellate review, as it did not determine custody and/or visitation, but only provided that they qualified as *de facto* custodians. Without reaching the merits of the arguments, we must dismiss the appeal as the *de facto* custodianship order was not a final and appealable judgment.

Our case law generally holds that a decision as to whether someone qualifies as a *de facto* custodian is an interlocutory ruling. In *Cherry v Carroll*, 507 S.W.3d 23 (Ky. App. 2016), a family court found that Carroll qualified as a *de facto* custodian. *Id.* at 25. The matter proceeded, and the court later awarded joint legal custody of the minor children to Carroll and Cherry and established a timesharing schedule. *Id.* at 26. Cherry appealed that ruling to this Court. On appeal, Carroll argued that the appeal was not timely because Cherry should have appealed the *de facto* determination, which had been made three years earlier, within 30 days of entry of that judgment. *Id.* at 26-27. We rejected that argument on appeal, pointing out that a court order in a custody action that determines *de facto* custodian status but does not award final custody and timesharing is, with few exceptions, interlocutory. *Id.* at 27.

As this Court noted in *Druen v. Miller*, "[a]n interlocutory order is not appealable unless it divests a party of a right in such a manner as to remove from the court the power to return the parties to their original condition." 357 S.W.3d

547, 549 (Ky. App. 2011) (citing *Ratliff v. Fiscal Court*, 617 S.W.2d 36, 39 (Ky. 1981)).  In *Druen*, this Court dismissed an attempt to appeal a court's order denying appellant's motion to dismiss a petition for *de facto* status, observing that the order did not determine custody, and therefore, did not adjudicate all the rights of the parties and was not final and appealable.  *Id.*  Rather, the merits of a *de facto* custodian determination can generally be appealed only after the trial court has made a final judgment concerning custody.  *See Cherry*, 507 S.W.3d at 27 (citing *Druen*, 357 S.W.3d at 549)

Rule 54.01 provides in part that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, **or a judgment made final under Rule 54.02**."  CR 54.01 (emphasis added). Under CR 54.02, if more than one claim for relief is sought, "the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay."  Here, Desiree argues that the circuit court's inclusion of finality language under CR 54.02 made the ruling final.  However, if "an order is interlocutory by its very nature, the recital of the CR 54.02 finality language will not make it appealable."  *Druen*, 357 S.W.3d at 549 (citing *Hook v. Hook*, 563 S.W.2d 716, 717 (Ky. 1978)).

If the circuit court had denied *de facto* custodian status to Aaron and Cynthia, they could have appealed that ruling, because it would have concluded

their claim to custody and/or visitation. It would have finally concluded the issues before it. However, here, the circuit court granted Aaron and Cynthia's request that they be determined *de facto* custodians, while reserving on the issues of timesharing and/or custody with Desiree. The order explicitly stated that it was determining *de facto* custodianship only. The parties all acknowledged and argued throughout the hearings that the issues were limited to determining whether Aaron and Cynthia met the definition of *de facto* custodians contained in KRS 403.270. The order did not in any way address custody or timesharing. As those were the very issues raised by the filing of their petition, the addition of CR 54.02 language at the conclusion of the order did not make it final and appealable. The rights of all parties had not yet been adjudicated at the time of this appeal, making it an interlocutory ruling.

As the Kentucky Supreme Court stated in *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky. 1975):

> Before the processes of CR 54.02 may be invoked for the purpose of making an otherwise interlocutory judgment final and appealable, there must be a final adjudication upon one or more of the claims in litigation. The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding.

Finally, we take note of an unpublished opinion of this Court in *Reed v. Tinsley*, No. 2008-CA-001495-ME, 2009 WL 1025225, at *2 (Ky. App. Apr. 10,

2009) (cited pursuant to Kentucky Rules of Appellate Procedure 41.) While not controlling, we find the reasoning of this unpublished opinion to be persuasive, as the trial court's order therein similarly addressed only the award of *de facto* status – "an intermediate issue" – without resolving the ultimate issue of custody:

> Here, the process was such that the issues of *de facto* custodian status and custody have been bifurcated into two phases. The trial court has made a determination that Tinsley is a *de facto* custodian but has not yet determined custody pursuant to the best interest factors contained in KRS 403.270(2). Because the order did not adjudicate the custody issue, it is by its very nature an unappealable, interlocutory order which cannot be made final by the inclusion of CR 54.02 language.

*Id.*

In keeping with our precedent, the appeal from this order is not properly before this Court. Being sufficiently advised, this Court *sua sponte* ORDERS that this appeal be and it is hereby DISMISSED.

ALL CONCUR.

ENTERED: _____01/16/2026_____

HON. SUSANNE M. CETRULO
JUDGE, COURT OF APPEALS

-6-

BRIEFS FOR APPELLANT:

Jacob Thomas Moak
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Melissa C. Howard
Jackson, Kentucky