# Court of Appeals
## Tenth Appellate District of Texas

10-25-00422-CV

City of Waco, Texas,
Appellant

v.

Donald Holland and Lanette Holland,
Appellees

On appeal from the
170th District Court of McLennan County, Texas
Judge Jim Meyer, presiding
Trial Court Cause No. 2025-2005-4

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

In this interlocutory appeal, the City of Waco, Texas appeals from the trial court's order denying its Rule 91a Motion to Dismiss or, in the alternative, Plea to the Jurisdiction.[1]  In its sole issue, the City contends the trial court lacks jurisdiction over this suit.  We reverse the trial court's order and render

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8).

judgment granting the City's plea to the jurisdiction and dismissing Appellees' claims against the City.

## BACKGROUND

In their original petition, Appellees sought personal injury damages against the City, claiming negligence and asserting the City waived governmental immunity. The City filed its original answer and verified denial, pleading governmental immunity and denying responsibility for maintenance of the roadway where the accident allegedly occurred. Further, it asserted that Appellees failed to provide the City with proper notice.

Thereafter, the City filed its Rule 91a Motion to Dismiss or, in the Alternative, Plea to the Jurisdiction contending initially that Appellees' claims should be dismissed because they lack a basis in law or in fact. Alternatively, the City asserted that the trial court lacked jurisdiction over all of Appellees' claims because they pled facts demonstrating an incurable jurisdictional defect, failed to provide proper notice to the City, and failed to adequately plead a waiver of the City's immunity. After Appellees responded, the City filed a reply, attaching the affidavit of Ryan Holt, the City's Assistant City Manager for Public Works, and a copy of the September 8, 2023 letter Appellees sent to the City regarding retention of documents, electronic or magnetic data, and tangible things.

Appellees filed their first amended petition in which they clarified that the accident occurred in front of 102 South Rita Street, Waco. Appellees also filed a supplemental response to the City's motion and plea to the jurisdiction asserting that the accident happened in Waco and that they provided timely notice to the City. They attached a copy of their retention notice and the results of a McLennan County Appraisal District property search for 102 South Rita Street. A hearing was held on the motion and plea after which the trial court denied both.

**JURISDICTION**

In its sole issue, the City contends the trial court lacked jurisdiction over this suit because Appellees failed to establish the City is responsible for maintaining the stretch of roadway where the accident allegedly occurred, failed to establish a waiver of governmental immunity, and failed to provide notice to the City in compliance with the City's Charter and the Texas Tort Claims Act (TTCA). Because it is dispositive, we will address only the notice argument. *See* TEX. R. APP. P. 47.1.

**Governmental Immunity**

Sovereign immunity protects the State from being sued, and from liability for money damages, unless the immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025; *City of El Paso v. Heinrich*, 284

S.W.3d 366, 369-70 (Tex. 2009). As an extension of sovereign immunity, governmental immunity protects municipalities from suit based on the performance of a governmental function as the State's agent. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 741 (Tex. 2019). That immunity deprives trial courts of subject matter jurisdiction over such suits, absent a waiver of the immunity. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018).

A prerequisite for a waiver of immunity is timely providing the governmental unit with a notice of claim as prescribed by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101; *Tenorio*, 543 S.W.3d at 775. The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.3d 339, 341 (Tex. 1995) (per curiam). Under the TTCA, a governmental unit must be given notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). This notice of claim must reasonably describe (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. *Id*.

Claimants must also comply with any notice requirements within a city's charter and ordinance provisions. *Id*. § 101.101(b). The City's Charter includes the following notice requirement:

> The City of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the City Secretary, a true statement under oath, as to the nature and character of such damages or injuries, the extent of the same, and the place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof, and if it be for personal injuries, giving a list of the witnesses, if any known to affiants, who witnessed such accident.

WACO, TEX., CODE OF ORDINANCES, CHARTER art. XI, § 7 (2025), https://library.municode.com/tx/waco/codes/code_of_ordinances?nodeId=PTICH_ARTXIGEPR_S7NOCL. The failure to give notice under Section 101.101 requires dismissal of a suit for lack of jurisdiction because the Texas legislature has determined that the TTCA's notice requirement is jurisdictional in nature. TEX. GOV'T CODE ANN. § 311.034.

**Plea to the Jurisdiction**

Immunity from suit is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).

Whether a court has subject matter jurisdiction is a question of law. *Id*. at 226. We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A governmental unit's jurisdictional plea can be based on the pleadings or on evidence. *Id.* When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Id*. at 227. We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 633 (Tex. 2015). The burden is on the governmental unit, as movant, to meet the standard of proof to support its contention the trial court lacks subject matter jurisdiction. *Miranda*, 133 S.W.3d at 228.

Once the governmental unit asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists on the jurisdictional issue. *Id*. If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder. *Id*. at 227-28. If the relevant evidence is undisputed

or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

**Discussion**

Appellees contend their September 8, 2023 letter complies with the notice requirements of the TTCA and the City's Charter. In what may be considered the title or heading, above the words "Dear Sir or Madam," are the words "RE: Retention Notice for Documents, Electronic/Magnetic Data, and Tangible Things." In the first paragraph, the City is advised that a law firm has been retained "to represent Donald Holland, as a result of an incident that occurred on August 20, 2023." The next paragraph informs the City that Holland "believes that the City of Waco may possess documents, electronic or magnetic data, and tangible things relating to a Premise Liability that occurred on August 20, 2023." The third paragraph references Holland's ongoing investigation and reminds the City of its obligation to ensure that relevant documents, electronic or magnetic data, and tangible things are preserved. The letter provides definitions for those terms as well as a definition of "occurrence or transaction" which "means specifically to the aforementioned Premise Liability that occurred on August 20, 2023, at approximately 3:30PM at Crest Dr. & Rita St. in Waco, TX." The remainder of

the letter describes the City's preservation and retention responsibilities. The letter is signed by an attorney.

The letter was timely and notified the City that a "premise liability" occurred on a certain date at Crest Drive and Rita Street. The letter did not describe the damage or injury claimed or offer an explanation of the incident. Therefore, the letter did not comply with Section 101.101 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a).

Furthermore, the location of the incident is somewhat vaguely described, arguably not sufficient to notify the City of the place where damages happened. The letter did not include a description of "the nature and character" of the alleged damages or injuries or the extent of those damages or injuries. The letter did not explain the circumstances under which the incident happened or the conditions causing the incident. There is no detailed statement of each item of damages and the amount thereof and no list of witnesses who witnessed the accident. Moreover, the letter was mailed to the City, addressed to "Dear Sir or Madam." It was not a statement under oath, filed with the City Secretary. Rather than notice of a claim, the letter reads like an admonishment to the City to preserve potential evidence. Accordingly, the letter does not satisfy the notice requirements of the City's Charter. *See* WACO,

TEX., CITY CHARTER art. XI, § 7. Nor does it contain enough details to serve the purpose of the notice requirement, that is, to enable the City to guard against unfounded claims, settle claims, or prepare for trial. *See Cathey*, 900 S.W.3d at 341.

The relevant evidence, the September 8, 2023 letter, is undisputed. Appellees did not comply with the notice requirements. Because notice requirements are jurisdictional, the trial court erred in denying the City's plea to the jurisdiction. *See* TEX. GOV'T CODE ANN. § 311.034. We sustain the City's sole issue.

## CONCLUSION

Having sustained the City's sole issue, we reverse the trial court's order of November 7, 2025 and render judgment granting the City's plea to the jurisdiction and dismissing Appellees' claims against the City for want of jurisdiction.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  March 12, 2026

Before Chief Justice Johnson,
          Justice Smith, and
          Justice Harris
Reversed, rendered, and dismissed
CV06

